No. 79-99

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

MILON L. DICKERSON,

Petitioner and Appellant,

vs.

ANN S. DICKERSON,

Respondent and Respondent.

---

Appeal from:  District Court of the Eighteenth Judicial District,
In and For the County of Gallatin.
Honorable Joseph B. Gary, Judge presiding.

Counsel of Record:

For Appellant:

Berg, Morgan, Coil and Stokes, Bozeman, Montana

For Respondent:

Bennett and Bennett, Bozeman, Montana

---

Submitted on briefs: April 25, 1980

Decided: JUL 25 1980

Filed: JUL 25 1980

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal by Milon L. Dickerson from the property distribution in the parties' decree of dissolution of marriage granted by the Hon. Joseph B. Gary in the Eighteenth Judicial District Court, Gallatin County.

Milon L. Dickerson and Ann S. Dickerson were married at Bozeman, Montana on April 6, 1957. They have three children: two daughters, Merianne Dickerson and Carrie Dickerson, and one son, Bruce Dickerson. All of the Dickerson children are over eighteen years of age.

Before the dissolution of their marriage, the Dickersons were a typical Montana ranch family, sharing in the duties of maintaining a hay/cattle operation and a dairy ranch fifteen miles southwest of Bozeman, Montana. Milon Dickerson handled most of the farm work. Ann Dickerson did farm chores and supplemented the family's income by working as a bookkeeper. The Dickersons began their ranch in 1961 by leasing ranch property from the parents of Ann Dickerson. In 1971, Ann Dickerson's mother, Jean Stimson, transferred the ranch property to Ann, half by gift and half at the value of $200 per acre, secured by a mortgage upon which Ann and Milon Dickerson were liable. This mortgage was paid by the Dickersons after it was partially forgiven by gifts by Stimson to the Dickersons. The Dickerson ranch property presently includes approximately 200 acres of land held partially in joint tenancy and the remainder by Ann Dickerson alone.

In addition to the ranch property, the Dickersons own livestock valued at $144,880.00, equipment valued at $13,314.55, a truck and automobile valued at $1,800.00 each and miscellaneous personal property. Each of the Dickersons separately

-2-

own personal property.  Milon Dickerson owns his own tack, shop tools, bank accounts, A. I. inventory and livestock feed.  Ann Dickerson owns her own bank accounts and is the sole beneficiary of a trust established by her mother.  The Dickersons owe $69,861.76 in debts.

Milon and Ann Dickerson were unable to agree on a property division.  After a trial without jury, judgment was entered on October 9, 1979, dissolving the Dickerson marriage and incorporating the findings of fact and conclusions of law previously made by the court. The District Court ordered that Milon and Ann Dickerson be individually awarded the property separately owned by each of them.  Milon Dickerson was awarded the parties' truck and Ann Dickerson was awarded the automobile.  Except for a $40,000.00 gift of property to Ann Dickerson, the District Court held the remaining Dickerson property was marital property and should be divided equally.

The District Court received conflicting testimony as to the value of the Dickerson ranch land.  Ann Dickerson testified the land was worth $1,000.00 per acre.  Norman C. Wheeler of Belgrade, Montana, a local real estate appraiser and consultant, testified in behalf of Milon Dickerson, estimating that a portion of the Dickerson ranch was worth $3,000.00 per acre and the rest of the ranch was worth $2,000.00 per acre. Wheeler testified that there is a high demand in the Gallatin Valley for gentlemen-type farms and ranches and that this demand establishes the area real estate market.

The District Court adopted the $1,000.00 per acre value for the ranch property and in finding of fact no. 11, the court divided the marital property as follows:

ANN DICKERSON

| | |
|---|---|
| Real estate (160 acres) | $160,000.00 |
| Household furniture | 2,250.00 |

-3-

| | |
|---|---|
| Jewelry | 2,000.00 |
| Cash from husband | 916.00 |
| TOTAL TO WIFE | $165,166.00 |

MILON DICKERSON

| | |
|---|---|
| Real estate (40 acres) | $ 40,000.00 |
| Livestock | 144,880.00 |
| Equipment | 11,064.55 |
| | $195,944.55 |

| | | |
|---|---|---|
| Less: Debts | $69,861.76 | |
| Cash to wife | 916.00 | 70,777.76 |
| TOTAL TO HUSBAND | | $125,166.79 |

In a memorandum to the finding of fact and conclusions of law, the District Court explained its selection of a $1,000.00 per acre value for the ranch property. The District Court provided:

> "In arriving at the appraisal of $1,000 per acre, the Court adopted the appraisal of the respondent as the major owner of the real estate. I will grant that the petitioner's appraiser appraised the property considerably in excess of this, ranging from $2,000 to $3,000 per acre, but this was subject to an assumption that it would be sold for subdivision purposes.. . .

> ". . .

> "At the post-trial conference, counsel for the petitioner indicated a displeasure with the concept that the Court was adopting and felt that adopting the appraisal of the property utilized by the respondent was improper. However, if you examine the income tax records, it is obvious that the property does not have an earning capacity based on any $2,000 to $3,000 per acre valuation.. . ."

One issue is presented by appellant on appeal: Did the District Court err in its valuation of the ranch property, resulting in a substantially inequitable division of the marital assets?

The disposition of property owned by a husband and wife in a dissolution of their marriage is governed by section 40-4-202, MCA.

-4-

"In a proceeding for dissolution of a marriage
. . . the court . . . shall . . . finally equitably
apportion between the parties the property and
assets belonging to either or both, however and
whenever acquired and whether the title thereto
is in the name of the husband or wife or both. . ."

This Court's scope of review of a District Court

dissolution of marriage property division was recently

restated as follows:

"A District Court has far-reaching discretion
in resolving property divisions, and its judgment
will not be altered unless a clear abuse of
discretion is shown. (Citation omitted.) The
test for reviewing the District Court's discretion
is: Did the District Court in the exercise of
its discretion act arbitrarily without employment
of conscientious judgment, or exceed the bounds
of reason in view of all the circumstances?"
(Citation omitted.) In Re Marriage of Jacobson
(1979), ___ Mont. ___, 600 P.2d 1183, 1186, 36
St.Rep. 1773, 1776.

This Court has ordered the District Court to reconsider

its property division if the District Court was clearly

unadvised of the current value of the parties' assets, or if

the District Court ordered a substantially inequitable

division of the parties' assets. In Re Marriage of Brown

(1978), ___ Mont. ___, 587 P.2d 361, 35 St.Rep. 1733; Kruse

v. Kruse (1978), ___ Mont. ___, 586 P.2d 294, 35 St.Rep.

1502.

In Downs v. Downs (1976), 170 Mont. 150, 551 P.2d 1025,

we directed the District Court to hold a new trial because

the evidentiary record contained no reliable estimate of the

husband's net worth. In Martinez v. Martinez (1978), ____

Mont. ___, 573 P.2d 667, 35 St.Rep. 61, we vacated the

disposition of property ordered by the District Court and

remanded the case for a new hearing because the District

Court had failed to ascertain the present values of property

owned by the parties.

-5-

Substantially inequitable property divisions were reversed by this Court in In Re Marriage of Berthiaume (1977), 173 Mont. 421, 567 P.2d 1388; and In Re Marriage of Brown, supra. In Brown, the District Court awarded the wife $25,000.00 for her interest in a $350,000.00 ranch, the major marital asset. In Berthiaume, the District Court found that the parties' marital property should be equally divided, but the court awarded the husband over $17,000.00 of the marital property and awarded the wife less than $1,000.00 of the property. In both cases, one spouse was awarded over 90 percent of the marital property. Both property decrees were held to be substantially inequitable and were reversed.

The case now before the Court is different from Downs, Martinez, Brown or Berthiaume. In this case, evidence was presented to the District Court regarding the present net worth of the parties' property. Extensive evidence was received by the court including the testimony of the parties, copies of the parties' tax returns, a listing of the parties' property, and an appraisal of the parties' real property. No substantially inequitable division of property was ordered by the District Court. The court, after ascertaining the parties' net worth, awarded the wife assets worth approximately $165,000.00 and awarded the husband assets worth approximately $195,000.00 while ordering him to pay the debts. Except for the $40,000.00 gift to Ann Dickerson, the Dickerson marital property was divided equally. This property division is not substantially inequitable.

The property valuation issue presented in this case is similar to the property valuation issue presented in Biegalke v. Biegalke (1977), 172 Mont. 311, 564 P.2d 987. In Biegalke, the appellant contended that an inaccurate property appraisal

-6-

was used by the District Court to divide the parties property. In the case now before us, the record indicates that the District Court was presented with conflicting evidence of the value per acre of the Dickerson ranch. Testimony regarding the per acre value of the ranch was given by the respondent and by an appraiser, an expert witness testifying in behalf of the petitioner. The District Court, as the trier of fact in this trial without a jury, accepted the value of the respondent and rejected the expert's valuation. This is not reversible error. As we explained in Biegalke, ". . . the trier of the facts has the discretion to give whatever weight he sees fit to the testimony of the expert from 0 to 100%." Biegalke, 172 Mont. at 317, 564 P.2d at 990. Unless a finding of fact is clearly erroneous, it cannot be set aside by this Court. See, Rule 52(a), M.R.Civ.P.

The judgment of the District Court is affirmed.

<br>
<br>

_____
John C. Sheehy
Justice

We Concur:

_____
Frank L. Haswell
Chief Justice

_____
Gene B. Daly

_____
John Conway Harrison

_____
Daniel J. Shea
Justices