No. 80-242

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

IN RE THE MARRIAGE OF

JOSEPH W. SMITH,

> Petitioner and Respondent,

vs.

LILLIE M. SMITH,

> Respondent and Appellant.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula.
Honorable James Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

Ferguson and Mitchell, Missoula, Montana

For Respondent:

Milodragovich, Dale and Dye, Missoula, Montana

Submitted on briefs: January 8, 1981

Decided: January 30, 1981

Filed: **JAN 30 1981**

*Thomas J. Kearney*

—————————————————————
Clerk

Mr. Justice Frank B. Morrison delivered the Opinion of the Court.

Wife appeals from an order of the District Court of the Fourth Judicial District which apportioned assets between husband and wife.

Husband had petitioned for dissolution after more than twenty-three years of marriage. Petitioner, here the respondent, is a fifty-one-year-old railroad brakeman with a monthly income of approximately $2,500 per month. Wife, appellant here, is a forty-three-year-old housewife and mother, with little employment history, whose maximum yearly income during the course of the marriage was $1,900. The couple has four children now all over the age of eighteen.

At the time of the decree, the trial court found the parties had, as the result of accumulation during the marriage, the following property:

REAL PROPERTY:

```
Helland Place (residence)
    Appraised value (net of selling costs) . . . . . $78,600
    Secured indebtedness . . . . . . . . . . . . . .  56,500
                                                       22,100
Golden West (residence)
    Appraised value (net of selling costs) . . . . .  61,050
    Secured indebtedness . . . . . . . . . . . . . .  21,675
                                                       39,375

Three trailer houses . . . . . . . . . . . . . . . .  10,000
Miscellaneous, personal property . . . . . . . . . .  19,441

Total Property Value . . . . . . . . . . . . . . . .  90,916.00
Total Debts  . . . . . . . . . . . . . . . . . . . .   9,849.05
NET WORTH  . . . . . . . . . . . . . . . . . . . . . $81,066.95
```

The trial court granted wife Golden West residence, the three trailer houses, and personal property, all having a total value of $59,091.

The trial court granted husband Helland Place residence, personal property and assessed husband the unpaid bills, giving husband an equity of $21,975.95.

The court then decreed that wife execute to husband a mortgage on Golden West of $14,161 to be paid in one year, leaving wife a net equity of $44,930 and husband a net equity of $36,136.95.

The court awarded wife maintenance of $200 per month for the remainder of her life and ordered husband to pay wife's attorney fees.

The principal issue before this Court is whether the District Court abused its discretion in its disposition of marital property. The wife claims error in the distribution because the District Court failed to consider the significant disparity between the parties' future earning potential in its determinations.

The standard of review announced by this Court has been repeated many times. The District Court has far-reaching discretion in resolving property divisions, and its judgment will not be altered unless a clear abuse of that discretion is shown. Eschenburg v. Eschenburg (1976), 171 Mont. 247, 250, 557 P.2d 1014, 1016.

The discretion of the District Court is limited by the statutory requirements contained in section 40-4-202, MCA. As stated in the recent case of Vert v. Vert (1980), ____Mont.____, 613 P.2d 1020, 1021, 37 St.Rep. 1282, 1283: "We require, pursuant to section 40-4-202 [MCA], that the trial court not simply recite the factors listed in this statute, but rather, that the trial court apply these factors to the evidence presented at trial and make findings based on this evidence and factors which it is required to consider." (Emphasis supplied.)

The following excerpt from section 40-4-202, MCA, contains some of the factors which the District Court is required to apply:

". . . In making apportionment, the court shall con-
sider the duration of the marriage and prior marriage
of either party; antenuptial agreement of the parties;
the age, health, station, occupation, amount and
sources of income, vocational skills, employability,
estate, liabilities, and needs of each of the parties;
custodial provisions; whether the apportionment is in
lieu of or in addition to maintenance; <u>and the oppor-
tunity of each for future acquisition of capital assets
and income</u> . . ." (Emphasis supplied.)

The evidence at trial estimated the gross earning capacity
of the husband to be $2,500 per month. In addition, the District
Court in finding of fact No. 5 stated: "Although the Respondent
is an intelligent, able-bodied woman, her age, education and
training are such that she cannot soon (if ever) support herself
in a manner reasonably similar to that which she enjoyed during
the marriage . . ." The District Court recognized the signifi-
cant disparity in the earning power of the parties. However,
in imposing the $14,161 mortgage on wife's property to achieve
a relatively equal distribution of assets, the court failed to
consider the wife's inability to acquire property in the future.

After the trial court has balanced the disparity in earn-
ings potential through an equitable apportionment of present
holdings, the trial court can then consider a maintenance
award. In Re the Marriage of Johnsrud (1977), 175 Mont. 117,
572 P.2d 902. The factors to be considered are enumerated in
section 40-4-203, MCA, and will not here be repeated. We caution
the trial court to take cognizance of the significant difference
in the life expectancy of the two spouses in this case. An
award to the wife for her life, as was done here, will be ex-
tinguished if the husband dies first. This consideration may
affect the amount of monthly maintenance to be awarded presently.

Our review of the determinations made by the District Court,
in light of the statutory requirements, supports a single con-
clusion. In the exercise of its discretion over the property

settlement, the District Court failed to properly apply the factors mandated by statute and in particular failed to consider "the opportunity of each for future acquisition of capital assets and income."

The cause is remanded with directions to the District Court to conform its findings of fact and conclusions of law and to amend the final decree in accordance with this opinion.

_____
                    Justice

We concur:

_____
          Chief Justice

_____

_____

_____
              Justices

-5-