No. 80-189

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

IN RE THE MARRIAGE OF

RICHARD JAMES LEVANDOWSKI,

Petitioner and Appellant,

-vs-

DONNA MARIE LEVANDOWSKI,

Respondent and Respondent.

Appeal from:   District Court of the Eighth Judicial District,
               In and for the County of Cascade, The Honorable
               John M. McCarvel, Judge presiding.

Counsel of Record:

        For Appellant:

                Asselstine & Cruikshank, Great Falls, Montana

        For Respondent:

                Alexander & Baucus, Great Falls, Montana

                          Submitted on Briefs:   March 11, 1981

                                       Decided:   JUL 2 1981

Filed: JUL 2 - 1981

_____
                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant, Richard Levandowski, filed a petition for dissolution of marriage, for property division and for the custody of the minor children. Respondent, Donna Levandowski, filed a response, admitted that the marriage was irretrievably broken, sought child custody, property division, maintenance and attorney fees from appellant.

Following a trial the District Court granted the dissolution of the marriage, made a property division, awarded appellant custody of the minor boy and respondent custody of the minor girl, and ordered appellant to pay respondent maintenance payments, support for the minor child, and attorney fees. From these findings of fact, conclusions of law and order appellant appeals.

The parties were married on June 20, 1959. Four children were born of the marriage. The marriage was dissolved on February 25, 1980.

Respondent married appellant shortly after high school. She had no formal training except for recent studies. Respondent worked as a secretary. Her gross earnings were approximately $7,000 for the year prior to separation.

Appellant is a battalion chief for the City of Great Falls Fire Department. He has seventeen years' experience. Appellant also worked a parttime job and belonged to the Naval Reserves. His gross earnings were in excess of $22,000.

The District Court found that respondent's actual earning capacity was in line with her present training and capabilities. The substantial assets of the marriage were

-2-

the family home, personal property and appellant's pension. The pension's value was approximately $8,900; the value of the personal property was approximately $2,500. The family home was encumbered by a mortgage of approximately $7,000 at the time of dissolution, and its appraisal ranged from $45,000 to $52,000.

The District Court awarded the pension solely to appellant. The District Court ordered that the home be sold in approximately two years and the net proceeds be divided equally at that time. The personal property was also to be sold at the time of the sale of the house and equally divided.

Respondent was allowed to stay in the house until the parties' minor child graduated from high school or until respondent remarried. Appellant was responsible for the house payments, insurance, taxes and any repairs in excess of $100. Respondent was continuing her education at the College of Great Falls and expected to graduate in two years. She was granted maintenance on a temporary basis for her schooling in the amount of $200 per month. Appellant also was ordered to pay respondent's reasonable attorney fees.

We are asked to review the following issues:

Whether the findings of fact, conclusions of law and judgment were proper and whether there was sufficient evidence to support those findings; whether the property division was proper; whether the order to pay maintenance was proper; and whether the District Court erred in awarding attorney fees to respondent.

A review of the record indicates that the District

Court did not err in its findings, conclusions and order. The findings were detailed, reasoned and supported by the evidence presented at trial. The District Court coordinated the maintenance and property division judgment without abusing its discretion. In dividing the property, the court found that the parties had made equal contributions to the marital estate.

Section 40-4-202, MCA, requires the court to consider the following prior to dividing the marital property:

> ". . . the duration of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties; . . . whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit . . . ."

The standard for review of the District Court's decision is well-settled:

> "A District Court has far-reaching discretion in resolving property divisions, and its judgment will not be altered unless a clear abuse of discretion is shown. . . The test for reviewing the District Court's discretion is: Did the District Court in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all of the circumstances? [Citations omitted.]" In Re the Marriage of Jacobson, (1979), ____ Mont. ____, 600 P.2d 1183, 1186, 36 St.Rep. 1773, 1776.

The District Court did not act arbitrarily in dividing the marital estate. The record is replete with competent credible evidence concerning the factors set forth in section 40-4-202, MCA. The court determined the net value of the marital estate and then divided it.

-4-

Appellant's pension was by far the greatest unencumbered asset. His contributions at the time of the dissolution of the marriage were approximately $8,900. That figure does not include the matching contribution of his employer. The court awarded the pension to appellant as his sole property.

Further, the distribution of the District Court particularly considered (a) the present and future earning capacity of the parties; (b) the education, vocational skills, employability and needs of the parties; and (c) the needs of the wife for additional maintenance. Appellant's earning capacity was three to four times greater than that of respondent. She had no formal training since she was married one month out of high school. The court found that her employment matched her education and training. She is presently enrolled in a two-year associate degree program at the College of Great Falls, which the court further considered in structuring the property division and maintenance award.

The court used good judgment in structuring its order. Respondent suddenly found herself on her own after twenty-one years of marriage. Her net income was equal to that earned by appellant at his parttime job. Until she completes her present schooling, respondent needs maintenance in addition to the property distribution. The property distribution is properly delayed for approximately two years. In the interim, the court's award of $200 per month to respondent to help her through school and the exclusive use of the family home was the only method by which respondent could get to a position where she could

-5-

properly care for herself during the remainder of her lifetime.

Appellant argues that the District Court failed to determine the present value of the marital estate. However, the findings and order detail the values of the property and their encumbrances. Section 40-4-203, MCA, enumerates factors to be considered in awarding maintenance. The factors are similar to those employed in the distribution of property: (a) the respective earning capacity of the parties; (b) the standard of living established during the marriage; (c) the time necessary to acquire a sufficient education; and (d) each spouse's ability to independently meet their needs.

The Act provides for the coordination of property distribution and maintenance to assure that a spouse without the ability to support herself will be maintained at a similar standard of living. The District Court coordinated the property division with the needs of respondent for maintenance. This maintenance was also directly related to her completion of a two-year associate degree in business at the College of Great Falls. The maintenance payment terminates upon the completion or termination of her education.

The decision of the District Court is soundly based upon the income, property, needs and abilities of the parties. The findings are detailed in this regard and will not be disturbed on appeal.

Appellant argues that the District Court erred in awarding attorney fees to respondent. Respondent's counsel testified that as of the conclusion of the hearing he would

have expended twenty-three hours in the preparation and trial of the case.

This action was a vigorously contested dissolution wherein respondent had limited resources and income to retain an attorney. Appellant's attack on the award of attorney fees is not based upon the need of respondent or the amount of time expended by her counsel. However, appellant claims that there was no independent testimony with regard to the reasonableness of a fee of $55 to $60 per hour. At best, this constituted harmless error.

The District Court awarded attorney fees in the reduced amount of $700. The District Court reduced counsel's fee to a rate of approximately $30.44 per hour, based upon twenty-three hours of time.

This Court has recognized that attorney fees may be properly awarded absent independent testimony of reasonableness. See Bailey v. Bailey (1979), ____ Mont. ____, 603 P.2d 259, 36 St.Rep. 2162. A rehearing on this issue would serve no useful purpose in light of the reduced award by the District Court. The award of the District Court of a fee of $30.44 per hour is reasonable.

Affirmed.

_____
Justice

-7-

We concur:

_____
Gene B. Daly

_____
Daniel J. Shea

_____
Justices

-8-

Mr. Justice Frank B. Morrison, Jr., concurring:

I concur but do not thereby approve of dividing the marital estate as was done here. There is a significant difference in the future earning capacity of the husband and wife. Though the husband has the greater opportunity to acquire future assets the wife received less than half the estate. See Smith v. Smith (1981), ___Mont.___, 622 P.2d 1022, 38 St.Rep. 146; Tefft v. Tefft (1981), ___Mont.___, ___P.2d___, 38 St.Rep. 837.

Only because the wife does not here complain do I vote to affirm.

_____
Justice