No. 81-231

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

IN RE THE MARRIAGE OF PHYLLIS R. LUPO,

Petitioner and Respondent,

vs.

ANTHONY L. LUPO,

Respondent and Appellant.

---

Appeal from: District Court of the Eleventh Judicial District,
In and for the County of Flathead.
Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

For Appellant:

E. Eugene Atherton, Kalispell, Montana

For Respondent:

Warden,Christiansen, Johnson & Berg, Kalispell, Montana

---

Submitted on briefs: September 3, 1981

Decided: March 25, 1982

Filed: **MAR 25 1982**

*Thomas J. Kearney*

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The husband appeals the Flathead County District Court's unequal division of the net marital estate (60 percent to the wife) and its determination of the value of some real estate owned by the parties. We affirm.

The parties were married on February 15, 1947, when the husband was studying to be an accountant. A decree of dissolution was granted on February 5, 1975, but the parties have been unable to agree on a property distribution since that time. The wife, age 56, has worked since the date of the marriage, except for a 12-year period during which she was raising the parties' children. At the time of trial, she was earning approximately $14,000 per year as a registered nurse. There was evidence that her physical abilities are limited by spinal arthritis and abdominal problems. The husband, age 59, receives approximately $14,500 per year as Chief Deputy Assessor for Flathead County, and from $1,800 to $4,000 per year from a private accounting practice.

The parties own seven undeveloped lots (known as the "Ryker lots") in Kalispell. The lots were appraised at a minimum total value of $17,000 by a special master, although the wife's own appraiser testified that the lots had a total value between $20,000 and $40,000, and there was evidence that the parties' son had offered to buy the lots for $20,000. The trial court valued the lots at $30,000.

The $30,000 valuation for the lots was included in the trial court's decision awarding the wife 60 percent of the marital assets. The husband argues that the apportionment of marital assets should have been equal because the parties contributed equally to the marriage and because the wife had

-2-

also asked for no more than an equal apportionment. The evidence, however, was that the wife has health problems which severely limit her mobility and professional advancement opportunities, and that she would have no opportunity to acquire capital assets other than those already acquired. On the other hand, there is no evidence that the husband is in anything but good health and no evidence that any problems would prevent him from maintaining or expanding his income in future years. The trial court found that the wife's health limited her employability and that she does not have a good opportunity for future acquisition of capital assets or for increased income. The trial court properly considered these factors under section 40-4-202, MCA, and was not required to divide the assets equally.

Nor can we say the trial court abused its discretion in valuing the Ryker lots at $30,000. A special master submitted a report to the court valuing the land between $17,000 and $37,000, depending upon a wide range of variables. A qualified appraiser valued the lots between $20,000 and $40,000, depending upon improvements and planned uses. This appraiser based his opinion on the special master's report, on an inspection of the property, and on his knowledge of the rapidly-developing surrounding commercial areas. The husband presented no evidence valuing the Ryker lots.

The case of Hamilton v. Hamilton (1980), ___ Mont. ___, 607 P.2d 102, 37 St.Rep. 247, contrary to the husband's assertion, has no application here. In Hamilton, we held that a trial court's $30,000 valuation of some Arabian horses was in error because we were unable to determine how the trial court arrived at this figure. The expert valuations were not even close to each other, not all of the horses had been

appraised, and there was no indication of the number of horses involved. But here the trial court's valuation was well within the range of each expert's appraisal. Although it is true that the trial court did not state why it chose the $30,000 figure as the value of the Ryker lots, and we prefer that the trial courts give reasons for their valuations, we cannot say under the facts here that the trial court abused its discretion.

The judgment valuing and dividing the marital estate is affirmed.

_Daniel J. Shea_
Justice

We Concur:

_John Conway Harrison_

_Frank B. Morrison_

_John C. Sheehy_

_Fred J. Weber_
Justices

-4-