No. 81-425

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

IN RE THE MARRIAGE OF

SUSAN D. CONVERSE,

Petitioner and Respondent,

-vs-

EVERETT C. CONVERSE,

Respondent and Appellant.

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, The Honorable
Diane G. Barz, Judge presiding.

Counsel of Record:

For Appellant:

Felt and Martin, Billings, Montana

For Respondent:

Lynaugh, Fitzgerald & Skaggs, Billings, Montana

Submitted on Briefs: March 11, 1982

Decided: May 13, 1982

Filed MAY 13 1982

*Thomas J. Kearney*

Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment apportioning marital assets in the District Court of the Thirteenth Judicial District of the State of Montana, in and for the County of Yellowstone.

On April 7, 1980, the wife, Susan D. Converse, petitioned the District Court for a dissolution of marriage. The parties were unable to agree on a property distribution but did allow the court to enter a decree of dissolution on May 27, 1980. In its decree the court reserved the right to hear, at a later date, all other matters raised by the pleadings, including the division of marital property. An evidentiary hearing on the remaining issues commenced on February 26, 1981. On April 14, 1981, the District Court issued its findings of fact, conclusions of law and order, apportioning the marital assets. The court awarded the husband a net amount of $38,230 and the wife a net amount of $33,871. Judgment was entered on April 24, 1981, and the husband, Everett C. Converse, now appeals.

The parties were married on May 13, 1972, in Billings, Montana. There were no children born of the marriage, but the husband had two children from a previous marriage whom he helped support, and the wife had one child from a previous marriage who resided with the parties throughout the duration of their marriage.

Prior to the marriage, the wife worked as a bartender and waitress. At the husband's request, the wife quit her job after they were married and worked with the husband in the construction business, kennel business and as a home-maker. Since the divorce, the wife has returned to her

former occupation and makes approximately $500 per month. The wife entered the marriage in possession of two horses, tack gear and a car. From the marriage she retained the horses, the car, household items, kennels and a motor home.

The husband was a foreman in a construction company when the parties married. Later, he became a partner in a construction company and in 1978, the parties started their own construction business. The husband entered the marriage with personal affects and a full array of carpentry tools. From the marriage he retained all the tools and assets of the construction company. He has continued in the construction business, and the District Court determined that the husband has the potential to earn somewhere between $20,000 and $30,000 per year.

The only real property acquired by the parties was a twenty-acre tract of unimproved property, valued at $45,000 by the District Court. This property was awarded to the husband, provided he pay the wife $22,500 or, alternatively, the property was to be sold and the proceeds divided equally between husband and wife.

The issues raised by the husband on appeal are:

1. Did the District Court err by admitting hearsay evidence?

2. Did the District Court err in its valuation of the marital assets?

3. Did the evidence fail to support the findings of fact, conclusions of law and order entered by the District Court?

The husband's contention that the District Court erred by admitting hearsay evidence is not meritorious. The

alleged hearsay evidence consisted of two instances where the court allowed the wife to testify as to the value of certain marital assets.

In the first instance, the wife testified as to the value of some Brittany Spaniels from the parties' kennel. She had based the appraisal on her own experience in operating kennels and on a letter, entered into evidence for illustrative purposes, from a Mr. Glenn who was apparently knowledgeable about Brittany Spaniels in general and familiar with her dogs specifically.

The second alleged error occurred when the wife testified as to the value of certain house plans in the husband's possession. She testified that the house plans were worth about $50 each and that she had arrived at that value after conversing with numerous individuals involved in the construction business.

While the letter is indeed hearsay, it was only used for illustrative purposes and not for the truth of the matter being asserted. Rule 801(c), Mont.R.Evid. Also, Montana has always allowed owners to testify as to the value of their animals. Dutton v. Rocky Mountain Phosphates (1968), 151 Mont. 54, 438 P.2d 674. Further, as stated at 31 Am.Jur.2d Expert and Opinion Evidence, § 137 at 685: ". . . Purely hearsay evidence as to the value of a chattel has been held insufficient as basis for testimony predicated thereon by the owner, but information received in part from others has been held to be unobjectionable, and the pricing of similar articles seems to be an approved way of obtaining knowledge. . ." Finally, as this Court held in In re Marriage of Schwartz (1979), ___ Mont. ___, 602 P.2d 175,

177, 36 St.Rep. 1980, "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless it affects a substantial right of the objecting party." Here, the evidence that was admitted was harmless error and did not "substantially affect" the rights of the husband.

The valuation of the marital assets by the District Court was proper. This Court held in Levandowski v. Levandowski (1981), ___ Mont. ___, 630 P.2d 239, 38 St.Rep. 1002, that:

> "A District Court has far-reaching discretion in resolving property divisions, and its judgment will not be altered unless a clear abuse of discretion is shown . . . The test for reviewing the District Court's discretion is: Did the District Court in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all of the circumstances? [Citations omitted.]" 630 P.2d at 241.

See also: Zell v. Zell (1977), 174 Mont. 216, 570 P.2d 33; In re the Marriage of Brown (1978), 179 Mont. 417, 587 P.2d 361.

We also held in Dickerson v. Dickerson (1980), ___ Mont. ___, 614 P.2d 521, 37 St.Rep. 1286, that:

> "The District Court, as the trier of fact in this trial without a jury, accepted the value of the respondent and rejected the expert's valuation. This is not reversible error. As we explained in Biegalke, '. . . the trier of the facts has the discretion to give whatever weight he sees fit to the testimony of the expert from 0 to 100%.' Biegalke, 172 Mont. at 317, 564 P.2d at 990. Unless a finding of fact is clearly erroneous, it cannot be set aside by this Court. See Rule 52(a), M.R.Civ.P." 614 P.2d at 524.

The husband's contention that the District Court erred because it chose the wife's appraisals over his is clearly without merit in light of the above rulings. The contention that the District Court erred because it valued

-5-

the real property at $45,000 by averaging the two appraisals is also without merit. See, In Re Marriage of Kaasa (1979), ___ Mont. ___, 591 P.2d 1110, 36 St.Rep. 425; In Re the Marriage of Jensen (1981), ___ Mont. ___, 631 P.2d 700, 38 St.Rep. 1109. A review of the record reveals that the figure of $45,000 was not chosen arbitrarily and was well supported by the evidence.

There was sufficient evidence presented to support the District Court's findings of fact, conclusions of law and order. In the recent decision of Stratford v. Stratford (1981), ___ Mont. ___, 631 P.2d 296, 38 St.Rep. 1093, we stated:

> "Findings of fact and conclusions of law provide a foundation for the court's judgment. Marriage of Barron (1978), 177 Mont. 161, 580 P.2d 936. This foundation need not consist of a multitude of evidentiary facts, but the findings of fact must set forth a recordation of the essential and determining facts upon which the court rested its conclusions of law and without which the judgment would lack support. Jones v. Jones (1980), Mont., 620 P.2d 850, 37 St.Rep. 1973." 631 P.2d at 298.

When applying this standard to the case at hand, it is clear that the findings of fact, conclusions of law and order were well supported by the evidence.

The husband contends that a different standard is set out in In re the Marriage of Peterson (1981), ___ Mont. ___, 636 P.2d 821, 38 St.Rep. 1723. In Peterson, there was roughly a $600,000 difference in the various appraisers' values and we stated:

> "In addition, the court should state its reasons for determining valuation . . . However, we will uphold a proper exercise of discretion by the trial court and if a reasonable explanation exists for adopting the lower value, it should be stated." 636 P.2d at 824.

In this case, while the District Court did not specifically set out an explanation for setting the valuation at $45,000 for the land, the evidence presented at trial was sufficient, without explanation, to support the District Court's figure. Both appraisers testified that the valuation they were giving could vary up or down somewhat depending on various factors. The fact that the District Court chose a figure in the middle without further explanation is easily ascertainable from the evidence and was therefore not erroneous.

The wife, the respondent herein, alleges that the District Court erred by not equitably distributing the property. She raises this issue not as a cross-appellant but instead attempts to invoke Rule 14, M.R.App.Civ.P. We cannot review the issue because respondent fails to properly invoke the use of Rule 14, M.R.App.Civ.P. In Johnson v. Tindall (1981), ___ Mont. ___, 635 P.2d 266, 38 St.Rep. 1763, we held:

> "Although Rule 14 provides for review of matters by cross-assignment of error, this does not eliminate the necessity for cross-appeal by a respondent who seeks review of rulings on matters separate and distinct from those sought to be reviewed by the appellant. Francisco v. Francisco (1948), 120 Mont. 468, 470, 191 P.2d 317, 319. A respondent who has not cross-appealed may not seek a determination of the amount involved more favorable to him than that made by the court below. Mechanics Universal Joint Co. v. Culhane (1936), 299 U.S. 51, 58, 57 S.Ct. 81, 84-85, 81 L.Ed. 33, 38; 5 Am.Jur.2d Appeal and Error, § 707." 635 P.2d at 268.

The judgment of the District Court is hereby affirmed.

_____
Justice

-7-

We concur:

_____
Chief Justice

_____

_____

_____
Justices