No. 82-76

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

IN RE THE MARRIAGE OF

ROY M. CRANMORE,

        Petitioner and Appellant,

   -vs-

ALVINA CRANMORE,

        Respondent and Respondent.

Appeal from:  District Court of the Fifth Judicial District,
In and for the County of Beaverhead, The Honor-
able Frank E. Blair, Judge presiding.

Counsel of Record:

    For Appellant:

        Schulz, Davis & Warren, Dillon, Montana

    For Respondent:

        Michael J. McKeon, Anaconda, Montana

Submitted on Briefs:  May 6, 1982

Decided:  July 28, 1982

Filed: JUL 28 1982

Thomas J. Kearney
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Husband Roy Cranmore appeals from the property settlement provisions in the findings of fact, conclusions of law and judgment in this marriage dissolution action arising in the Fifth Judicial District Court, Beaverhead County. We affirm the District Court.

The Husband states a number of "issues," but his sole challenge in fact is to the District Court's exercise of discretion in its apportionment of marital assets. The Wife seeks attorney's fees on appeal, claiming that the appeal is frivolous.

In April of 1981, after nearly 12 years of marriage, Husband Roy Cranmore filed a petition for dissolution with the District Court. There were no children of the marriage. Husband was 53 and his Wife was 60 at the time of the dissolution. The case was tried on November 10, 1981. On December 30, 1981, the court entered findings, conclusions and judgment, dissolving the marriage and distributing the marital assets. The findings are extensive, and include a detailed list of assets and liabilities, as well as the determination of a net worth of $23,773.03. Husband concedes that "[t]here is no dispute as to the assets and liabilities and net worth of the parties which were established by petitioner's Exhibit 1 without objection, and set forth in the Court's Finding No. XIV. . ."

The District Court distributed to the Wife the following assets and liabilities, with the values agreed upon by both parties:

ASSETS

| | | |
|---|---|---|
| Home and rental property | $25,000.00 | |
| 1978 Toyota | 1,000.00 | |
| Miscellaneous personal property as described | 1,870.00 | |
| Total assets: | | $27,870.00 |

LIABILITIES

| | | |
|---|---|---|
| Balance owing on house | $ 3,416.61 | |
| 1980 and 1981 taxes on home | 514.48 | |
| Total Liabilities: | | $ 3,931.09 |

Net Value of Assets Distributed to Wife $23,938.91

The District Court distributed to the Husband the following, again with values agreed upon by both parties:

ASSETS

| | | |
|---|---|---|
| Trailer House | $ 1,000.00 | |
| 1979 Pacer | 500.00 | |
| 1969 Jeep | 300.00 | |
| 1962 Apache Camper | 150.00 | |
| Miscellaneous Personal Property | 400.00 | |
| Total assets: | | $ 2,350.00 |

LIABILITIES

| | | |
|---|---|---|
| State Bank & Trust - Balance on Toyota | $ 646.23 | |
| State Bank & Trust Co. - Balance on trailer house | 1,509.29 | |
| Butte Radiology | 140.10 | |
| St. James Hospital | 70.00 | |
| Credit Bureau - Wife's St. James Bill | 261.63 | |
| Montgomery Ward | 236.13 | |
| Sears | 317.56 | |
| VISA | 820.94 | |
| Dr. Osterholtz | 47.00 | |
| Schulz, Davis & Warren | 300.00 | |
| Miscellaneous | 117.00 | |
| Total Liabilities: | | ($4,465.88) |

Net Excess of Liabilities Over Assets ($2,115.88)

The Wife receives $184.00 per month supplemental income from Social Security Insurance disability benefits. In addition, she receives rental of $100.00 per month from the small house and trailer space next to the house which was distributed to her. The Wife did not receive maintenance.

The District Court found that the Husband is 53 years of age, employed as a maintenance man by the State of Montana,

receiving gross earnings for each two weeks of $537.68, with take-home pay of $359.95.

Husband argues that it was inequitable for the District Court to divide the assets in such a way that he, who entered the marriage with $6,000 in assets, and during the marriage accumulated a net worth in excess of $23,000, leaves the marriage "with less than nothing, thereby qualifying him to appeal as a pauper in the same court." He refers to a recent case in which failure of the District Court to indicate the reasons for its property apportionment resulted in reversal. See In re Marriage of Peterson (1981), _____ Mont. _____, 636 P.2d 821, 38 St.Rep. 1723. He also argues that the findings upon which the distribution is based are unsupported by the evidence. He points out that finding IX, which says "Respondent [Wife] suffers from a deteriorating heart condition which requires about $20.00 medication per month," is unsupported by the record--it is the Husband, whose chronic heart condition costs him $40.00 for medication per month. Husband also argues that finding XIII, which says that he has "substantial accrued retirement benefits," and income with which to "purchase suitable housing," is unsupported by the record, particularly in light of the court's granting of his subsequent request that he be allowed to appeal in forma pauperis.

We are not persuaded by Husband's arguments.

> "The scope of this Court's review when consid-
> ering the findings and conclusions of a trial
> court sitting without a jury is clear and well
> settled in Montana. A brief consideration of
> those rules is appropriate at this point.
>
> "'This Court's function in reviewing findings
> of fact in a civil action tried by the district
> court without a jury is not to substitute its
> judgment in place of the trier of facts but
> rather it is "confined to determining whether
> there is substantial credible evidence to sup-
> port" the findings of fact and conclusions of
> law.' [Cases omitted.]

-4-

> "Although conflicts may exist in the evidence
> presented, it is the duty of the trial judge
> to resolve such conflicts.  His findings will
> not be disturbed on appeal where they are bas-
> ed on substantial though conflicting evidence,
> unless there is a clear preponderance of evi-
> dence against such findings.  [Cites omitted.]"
> Cameron v. Cameron (1978), 179 Mont. 219, 227,
> 587 P.2d 939, 944.

In light of this standard, let us consider the points the Husband raises.

The Wife's Illness.  The District Court found as follows:

> "That the Respondent Wife is presently total-
> ly and permanently disabled.  She has a small
> source of income, $184.00 a month, and no
> skills which will render her employable or able
> to support herself.  She must be awarded the
> sole right, title and interest of the family
> residence and trailer space located on the lot.
> If she loses the family residence, she will
> have no place to live and no financial resources
> to purchase another residence or rent suitable
> residence."

The Husband testified with regard to the Wife's disability as follows:

> "Q.  Mr. Cranmore, you understand that your
> wife Alvina is disabled, is that correct?  A.
> Yes.
>
> "Q.  Do you know when her disability began?
> A.  Oh, I am going to say '78.
>
> "Q.  She has been unable to work since that
> time, is that correct?  A.  Yes."

With regard to her disability, the Wife testified as follows:

> "Q.  What is the nature of your disability?
> A.  The doctor told me that I won't be able
> to work anymore."

It is true that the District Court incorrectly found the Wife's illness to be deteriorating heart condition, which is not substantiated by the record.  That fact is not significant. There is substantial credible evidence in the record to support the court's findings of total disability on the part of the Wife, and the court's consideration of that disability in its apportionment of assets.

-5-

The retirement benefits were accumulated by Husband and were neither sought by nor apportioned to the Wife. Husband had held the same job with the State for seven years; retirement was deducted from his wages. The District Court's finding that he had "substantial accrued retirement benefits" is adequately supported by the record.

Husband's testimony shows that after December, 1980, he lived in Bannack where he works, in a residence for which the State may subtract $35 per month from his paycheck. Husband is earning steady wages, and has been awarded a housetrailer out of the marital assets. We do not believe that, because at the moment he is unable to pay his costs of appeal, he is necessarily unable to provide himself with adequate housing in the future. Clearly he is in a better position to do so than his disabled Wife, who, without the family home and its included rental property, would be forced to rely solely upon her $184.00 per month disability benefits from the government.

Finally, we consider the equitability of the apportionment of assets. As above described, the Wife was awarded the bulk of the assets, and the Husband was awarded the bulk of the liabilities. However, we note that the assets awarded to the Husband included numerous items of personal property which he had requested, and included the trailer house which produces $150.00 per month. The Wife did not receive either a cash settlement or a maintenance award. The real dissatisfaction of the Husband appears to be with the failure of the District Court to order the sale of the house and the division of the sale price equally between the Wife and Husband.

The often-stated rule in reviewing property distributions in dissolution proceedings is that the District Court is afforded broad discretion. Abuse of discretion is the

touchstone in determining whether a particular distribution is inequitable. For an abuse of discretion to be found appellant must show that the District Court acted arbitrarily without employment of conscientious judgment, or exceeded the bounds of reason in view of all the circumstances. LeProwse v. LeProwse (1982), ____ Mont. ____, ____ P.2d ____, 39 St.Rep. 1053. Accord: Creon v. Creon (1981), ____ Mont. ____, 635 P.2d 1308, 38 St.Rep. 1828; Zell v. Zell (1977), 174 Mont. 216, 570 P.2d 30. The record here demonstrates that the District Court carefully considered those factors set forth at section 40-4-202, MCA, which are to be used in making an equitable property distribution. Among those factors are the age, health, and future employability of the parties, as well as whether the apportionment is in lieu of maintenance. The District Court judge considered the greater age and total disability of the Wife, as well as her past monetary and nonmonetary contributions to the purchase and maintenance of the property, and noted that the Wife requested ownership of the family residence in lieu of maintenance. The Husband is employed; the Wife has been unemployable since 1978 because of illness and very limited job skills. The Husband has a retirement fund; the Wife will have her small disability income and the rental income from the trailer space and small residence on the home lot. Without the rental income and her own use of the family home, she would undoubtedly be entitled to maintenance from the Husband. The Wife did not seek maintenance, and the Husband expressed his inability to pay it anyway, due to the various debts he owed. With the transfer of full ownership of the house to the Wife went the responsibility of paying for taxes, insurance, repairs, and the $3,416.61 balance owing from the purchase of the home.

We find no abuse of discretion in the apportionment of marital property. The distribution was obviously carefully considered in light of attendant circumstances and the provisions of section 40-4-202, MCA; the trial court is not required to divide assets equally. Lupo v. Lupo (1982), ____ Mont. ____, ____ P.2d ____, 39 St.Rep. 565, 566.

The Husband notes that the District Court failed to distribute a 1973 Ford pickup valued at $1,000.00 which is titled in the Husband's name, and a 1970 Plymouth valued at $350.00 titled in the name of the Wife. We hold that each may retain the vehicle so titled in his or her name.

We affirm the judgment of the District Court. We do not find the appeal was lacking in merit so as to justify an attorney's fee award to the Wife.

Justice

We Concur:

Chief Justice

Justices