No. 81-433

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

IN RE THE MARRIAGE OF
PHYLLIS M. GOODMUNDSON,

                Petitioner and Respondent,

    -vs-

DARRELL D. GOODMUNDSON,

                Respondent and Appellant.

Appeal from:  District Court of the Ninth Judicial District,
In and for the County of Teton, The Honorable
Joel G. Roth, Judge presiding.

Counsel of Record:

    For Appellant:

        Alexander & Baucus, Great Falls, Montana

    For Respondent:

        Conner, Baiz & Olson, Great Falls, Montana

Submitted on Briefs:  October 26, 1982

Decided:  December 23, 1982

Filed:  DEC 23 1982

_____
Thomas J. Keasney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

The husband appeals from judgment issued by the District Court of the Eighth Judicial District, Cascade County, distributing the marital property of the parties.

The husband claims that the District Court failed to exercise independent judgment by adopting most of the wife's proposed findings.

Because the District Court's judgment is supported by the record, we cannot say the District Court abused its discretion. The judgment is affirmed.

The parties were married on October 3, 1954. The marriage was dissolved February 23, 1981. Throughout the marriage, the husband has worked as a dryland grain farmer in partnership with his father. The partnership farmed about 2,480 acres at the time the wife petitioned for dissolution. The 2,480 acres are farmed as one unit despite separate titles. The husband has 325 acres in his name, his parents have 640 acres in their names, the husband and father own 1,043 acres jointly, and the partnership leases about 480 acres.

The wife has worked part-time, off and on, through the marriage. She has worked as a librarian and a part-time mail carrier.

The District Court made extensive findings, breaking down the value of tillable land, the liabilities of the parties, improvements to the land, an averaged value on the family home, two long lists of farm personal property and nonfarm personal property, the amount and value of stored grain, an estimate of growing crops, total liabilities for the marital estate, and finally total assets for the marital estate. Most of these findings are taken from the values contained in the wife's proposed findings. The District Court did not adopt the wife's proposed findings in two instances: ½ of the family home was not included in the marital estate; and the value of the 480 acre lease was listed as zero.

The original judgment of the District Court was amended to correct some mathematical errors and alter some values at the suggestions of the parties.

The husband argues on appeal that the District Court failed to exercise independent judgment by accepting most of the wife's proposed findings. Specifically, the husband claims the District Court erred in the following valuations: 1) the tillable farmland valuation of $650 is not supported by the testimony of either of the appraisers; 2) the District Court failed to consider the wife's inheritance and improperly considered the husband's expected inheritance; 3) the District Court should have placed the entire value of the Niles Place in pre-marital property; 4) an old wooden grain bin was improperly valued at $1,200; 5) the District Court illogically averaged two appraised values to arrive at the value of the family home; 6) the values of the shop tools and wheat sprayers are not supported by the record; 7) the values of the silver service and coin set were improperly considered; 8) the $23,000 withdrawn by the husband from a joint savings account was improperly used to offset the value of pre-marital property; 9) the District Court erred in estimating the amount of grain stored in grain bins; 10) some of the landlord's grain was improperly included as a marital asset; 11) the District Court erroneously projected the value of the 1981 grain crop; and 12) a clerical error was not changed in that the $12,000 value placed on farm improvements should read $12,100.

The wife claims the District Court's findings are supported by the record. We agree.

The standard for review of findings made by a District Court is the same whether the District Court prepared the findings or adopted a party's proposed findings. In re the Marriage of LeProwse (1982), ____ Mont. ____, 646 P.2d 526, 39 St.Rep. 1053. The error in adopting proposed findings is more an ethical than a legal breach. Error occurs when the proposed findings are relied

upon to the exclusion of the proper consideration of facts and the exercise of independent judgment. In re the Marriage of Hunter (1982), _____ Mont. _____, 369 P.2d 489, 39 St.Rep. 59.

Here, the record reflects conscientious concern and participation by the District Court.

The test in reviewing the findings, then, is whether the District Court abused its discretion. That is, whether the District Court acted arbitrarily without employment of conscientious judgment, or exceeded the bounds of reason in view of all the circumstances. Cranmore v. Cranmore (1982), _____ Mont. _____, 649 P.2d 441, 39 St.Rep. 1361; Converse v. Converse (1982), _____ Mont. _____, 645 P.2d 413, 39 St.Rep. 887.

In adopting proposed values or in setting its own, the District Court is free in its discretion to adopt the recommendation of a party or a layman over that of an expert. Dickerson v. Dickerson (1980), _____ Mont. _____, 614 P.2d 521, 37 St.Rep. 1286. Also, the District Court may average the values given by experts to arrive at an equitable solution. Converse, supra; In Re the Marriage of Jensen (1981), _____ Mont. _____, 631 P.2d 700, 38 St.Rep. 1109.

Here, the District Court adopted some findings supported by the wife's valuations, some findings that were averages of values set by experts, and some findings based on the husband's testimony and that of his appraisers. The husband claims this is illogical and inconsistent, and the only way the District Court could have arrived at such findings is by blindly following the wife's proposed findings.

We disagree with the husband simply because the findings are supported by the evidence and that is the determinative test.

Specifically, the record supports the District Court's findings that the tillable acreage is worth $650 per acre. Two local landowners testified that they knew of recent sales where similar land was sold for over $700 per acre. The wife testified that she believed the land was worth $700 per acre. While the

two appraisers valued the land at $600 and $625 per acre, the District Court was within its discretion not to accept these values. Dickerson, supra. Moreover, one appraiser acknowledged that the range in value was from $621 to $743 per acre. The $650 value is therefore supported by the record.

The husband claims next that the District Court failed to consider the wife's inheritance, and also, then improperly included the husband's expectation of an inheritance. The record supports the conclusion that the wife spent all $20,000 of her inheritance received in 1975. She bought a car for her daughter, a car for herself, recarpeted the family home, and built a fence.

Under section 40-4-202, MCA, the District Court must consider future acquisition of assets. The husband's expectation of a sizeable inheritance is therefore a valid consideration in the equitable distribution of the marital property.

The husband claims all of the purchase price of a parcel of land, the Niles Place, should be pre-marital property. While the husband testified that he thought his father had purchased the land prior to his marriage; the deed for the land was not recorded until after the parties were married. The District Court therefore reasonably concluded that only the down-payment on the land was pre-marital property.

The wife's appraiser set a $1,200 value on an old wooden grain bin. This value is therefore supported by record, regardless of whether the husband disagrees with this figure. Likewise, the wife's appraiser set the values for the silver set and the coin collection.

The District Court also acted within its discretion in estimating the amount of grain in the marital estate. These estimates seem to be based, in part, on those made by the husband himself. Because the husband's testimony was confusing and contradictory as to whether the landlord owned part of the grain in one bin, the District Court could reasonably conclude the grain was properly within the marital estate.

The record also supports the District Court's finding that the money the husband withdrew from a savings account owned jointly with the wife, was marital property. The money was in the joint account and not in the separate farm account. Also, the money was withdrawn immediately after the wife petitioned for dissolution of the marriage.

The projected value of the 1981 growing crop is also based on sufficient evidence. The District Court had in evidence the farm's income tax returns for the past four years, the estimated expenses, the estimated acreage planted, and the estimated value of the crops.

Except for the admitted clerical error in the valuation of the farm improvements, the values used by the District Court are supported by the evidence. The $100 error in the farm improvements valuation is not of enough significance to warrant amending the distribution decree.

The District Court's judgment is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

- 6 -