IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 81-50

IN RE THE MARRIAGE OF:

KAY JOY PETERSON,

Petitioner and Appellant,

vs.

RAYMOND P. PETERSON,

Respondent and Respondent.

O R D E R

PER CURIAM:

IT IS HEREBY ORDERED that the opinion of this Court dated October 22, 1981, be corrected in the following manner. The fourth paragraph on page 2 which begins "Both ranches were substantially encumbered. . ." should read as follows:

"Both ranches were substantially encumbered. The District Court found the home ranch to have a negative value of $74,625 after deducting all liabilities from its fair market value of $402,500. The court found the fair market value of the Albee Ranch to be $2,003,000 and total liabilities to be $1,324,761.30. The court awarded the appellant the stock sale proceeds, furniture from the home ranch, a horse, horse trailer, jewelry and one-half of $9000 in lease fees owed to the Petersons for grazing rights on the home ranch. The respondent was awarded the home ranch, cattle valued at $52,924, three horses, farm machinery, personal property, $4500 in lease fees and $9000 from the sale of a caterpillar tractor."

DATED this 25th day of November, 1981.

_____
Chief Justice

_____

_____

_____

_____
Justices

FILED

NOV 25 1981

Thomas J. Kearney
CLERK OF SUPREME COURT
STATE OF MONTANA

No. 81-50

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

IN RE THE MARRIAGE OF

KAY JOY PETERSON,

Petitioner and Appellant,

and

RAYMOND P. PETERSON,

Respondent and Respondent.

---

Appeal from: District Court of the Fifth Judicial District,
In and for the County of Beaverhead.
Honorable Frank Blair, Judge presiding.

Counsel of Record:

For Appellant:

Datsopoulos, MacDonald & Lind, Missoula, Montana

For Respondent:

Corette, Smith, Pohlman & Allen, Butte, Montana

---

Submitted on briefs: July 30, 1981

Decided: OCT 22 1981

Filed: OCT 22 1981

Thomas J. Kearney
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Kay Peterson appeals from a judgment of the Fifth Judicial District, Beaverhead County, apportioning marital assets, denying child support and maintenance, and awarding custody of one child to the respondent.

Kay and Raymond Peterson were married September 23, 1960. They have three children: two sons, Guy, age 18, and Jade, age 17, and one daughter, Andrea, age 15.

The appellant and respondent accumulated substantial property during their marriage. They owned a 1400-acre cattle ranch where they resided, livestock, farm machinery and other personal property. Prior to September 1980, appellant and respondent each owned ninety shares which represented fifty percent of an incorporated 12,000-acre ranch near Wisdom, Montana, called the Albee Ranch. The remaining fifty percent was owned by Mr. and Mrs. Tom Ford. The appellant sold her ninety shares to the Fords for $230,000 before trial. The respondent was not involved in the sale and retained his ninety shares at the time of trial.

Both ranches were substantially encumbered. The District Court found the home ranch to have a negative value of $74,625 after deducting all liabilities from its fair market value of $402,500. The court found the fair market value of the Albee Ranch to be $2,003,000 and total liabilities to be $1,324,761.30. The court equally divided the stock sale proceeds between the parties and ordered the shares owned by the respondent sold and the proceeds equally divided within thirty days or individually reissued in equal amounts to the parties. The home ranch, three horses and

-2-

farm machinery were awarded to the respondent. Petitioner was awarded furniture, jewelry, a horse and a horse trailer. The remainder of the marital estate, which included cattle valued at $52,924, was equally apportioned.

The appellant raises the following issues in this appeal:

1. Whether the District Court accurately determined the net worth of the marital estate.

2. Whether the District Court abused its discretion in apportioning the marital estate.

3. Whether the District Court erred in denying child support and maintenance.

4. Whether the District Court erred in granting the respondent custody of the minor daughter.

We have carefully reviewed the record before us and find the judgment must be reversed and the case remanded for complete findings regarding the true net worth of the marital estate and the awarding of child custody. Further, it is obvious that the District Court failed to adequately follow the applicable statutory mandates and case law in apportioning the marital estate and in denying child support and maintenance.

## Net Worth of the Marital Estate

The appellant contends the District Court abused its discretion first by omitting marital assets proven at trial and second in its determination of the value of assets included by the court.

The first omission complained of arises from the sale by respondent of 160 cattle to one Andrew Leep in December

1979. The respondent testified the total sales price was $76,000 which was applied to a promissory note to State Bank and Trust Company of Dillon, Montana, the holder of the security interest in the cattle.

The appellant contends the sales price was actually $96,000 paid to the respondent in two checks; a downpayment of $20,000 made payable to the respondent individually and a second check of $76,000 made jointly payable to respondent and the bank. In support of her allegation appellant offered testimony of a Department of Livestock investigator, the canceled $20,000 check, copies of the bank's deposit records and loan notations, and the official findings of the Montana Board of Livestock investigation relating to Leep's livestock dealer's license. The District Court refused to admit the Board of Livestock findings. Rule 803(8), Mont.R.Evid.

The District Court did not make a finding regarding this matter. Appellant presented substantial credible evidence in support of her contention that the respondent received $96,000 for the cattle and may have attempted to conceal the $20,000 payment. Respondent first testified that he could not remember the total sales price but later testified if he had received the second check for $20,000 that he deposited that check with the bank. Respondent did not present any documentary evidence in support of his contention. Upon the evidence found in this record, we hold the District Court abused its discretion by ignoring this contested issue in its findings. On remand the District Court must make a finding regarding this claim.

Appellant next contends the District Court erred by

failing to include prepaid grazing fees in the marital estate. The respondent paid a Washington landowner $18,000 in anticipation of pasturing one hundred cattle; however, only forty-six cattle were actually pastured. The testimony of respondent supports the appellant's contention regarding the unused prepaid fees. Respondent testified the lessor would rebate approximately $9,000 on demand. No contrary evidence appears in the record. The District Court did not include this asset in its findings and conclusions. This was error. On remand the District Court must add the prepaid fees to the valuation of the estate.

The final omissions claimed as error are a $6,000 payment received by respondent for gravel taken from the home ranch and a $1,400 mineral lease payment. Receipt of these payments was admitted by the respondent. However, the record does not contain the time they were received. The respondent testified he applied all the proceeds to expenses of the ranch. Appellant contends she is entitled to a full accounting.

In Lippert v. Lippert (1981), ___ Mont. ____, 627 P.2d 1206, 1209, 38 St.Rep. 625, 629, we held, "spouses possess mutual powers, obligations and interests which endure until lawfully modified or terminated. One of those powers is the power to freely contract with others regarding marital property. Section 40-2-301, MCA."

Absent modification either spouse is free to act with marital property. In this case the marital power to freely contract was lawfully modified. On March 25, 1980, a temporary order was granted by the District Court prohibiting the respondent from "transferring, encumbering, con-

cealing or otherwise disposing of any real or personal property of [sic] any interest therein during the pendency of this proceeding." This relief was in accordance with our statutes. Section 40-4-106(2)(a), MCA. A subsequent order modifying the temporary order was entered June 2, 1980. The modification removed the total prohibition against the respondent but required the respondent to "account for all monies from this date to the date of the hearing on the Petition for Dissolution." On remand the respondent must disclose when he received the disputed payments. If they were received after March 25, 1980, or remained in the marital estate after that date, the respondent must account to the appellant for their disbursement.

In addition to omissions, the appellant claims the District Court erred in its valuation of the home ranch, the Albee Ranch, farm machinery, and the number of horses owned by the parties.

At trial the parties presented conflicting evidence regarding the value of the home ranch. Appellant offered the testimony and appraisal report of a professional certified appraiser who concluded the value of the home ranch to be $750,000 as of September 1980. The respondent offered the testimony of a local rancher and real estate buyer. He valued the ranch at $402,500. The District Court, without stated reasons, accepted the lower figure. The District Court is free to follow one appraisal and reject another. However, here there is a wide disparity in valuation, and we are unable to review for abuse of discretion in the absence of findings by the trial court supporting the valuation selected.

Respondent cites Biegalke v. Biegalke (1977), 172 Mont. 311, 564 P.2d 987, for the rule that "the trier of the facts has the discretion to give whatever weight he sees fit to the testimony of the expert from 0 to 100%." 564 P.2d at 990. We think Biegalke is distinguishable. In Biegalke, the parties agreed to the court appointment of a single appraiser, stipulated to his qualifications, and generally accepted his appraisal without objection. On appeal, we held the court properly exercised its discretion in determining valuation. In the instant case the parties secured different appraisers, who presented widely conflicting valuations. Upon review of the record, we cannot say the District Court properly exercised its discretion in selecting the value it did without some indication of its reasons for doing so.

Appellant next contends the District Court erred in its valuation of the Albee Ranch. Appellant's appraiser testified that a rejected offer of $2,600,000 from a prospective buyer was a reasonable valuation. The respondent's appraiser testified the total market value of the Albee Ranch was $2,005,550. The District Court found "the market value of that ranch from the testimony of Jack Hirschy to be in the sum of $2,003,000." It appears the District Court has made a clerical error which should be corrected. In addition, the court should state its reasons for determining valuation. A rejected offer of $2,600,000 might well indicate the trial court abused its discretion in assigning a value of only $2,003,000. However, we will uphold a proper exercise of discretion by the trial court and if a reasonable explanation exists for adopting the lower value,

it should be stated.

With regard to appellant's challenge to the court's findings of valuation of farm machinery and the number of horses, we once again find substantial disparity in the evidence presented by the parties but no reasoning given by the court for its adoption of the lower values. On remand the court should explain the reasons employed.

## Apportionment, Maintenance and Child Support

True net worth of the marital estate must be accurately determined before the issues of equitable apportionment, maintenance and child support can be resolved; however, we have included appellant's claims regarding these issues to provide guidance to the District Court.

Appellant contends the District Court failed to apply the mandates of section 40-4-202, MCA, in the division of the marital property. We agree. The determinations made must be measured against the statute. In apportioning the marital estate the District Court must follow the requirements of section 40-4-202(1), MCA, and our case law. Smith v. Smith (1981), ___ Mont. ___, 622 P.2d 1022, 38 St.Rep. 146; Tefft v. Tefft (1981), ___ Mont. ___, 628 P.2d 1094, 38 St.Rep. 837. In deciding the issue of maintenance, the court must follow the guidelines found in section 40-4-203, MCA. Bowman v. Bowman (1981), ___ Mont. ___, ___ P.2d ___, 38 St.Rep. 1515. Finally, the issue of child support must be determined in accordance with section 40-4-204, MCA. The District Court must, at the very least, consider and apply the enumerated statutory factors which control the exercise of its discretion. This was not done in this case.

-8-

## Child Custody

The final issue we can properly review at this time is the challenge to the custody award. In accordance with an agreement of the parties, the District Court interviewed the minor children to determine their custodial preferences. In awarding custody the District Court made no specific findings. Appellant contends the award should be reversed because of such failure, citing section 40-4-212, MCA; In Re Marriage of Kaasa (1979), ___ Mont. ___, 591 P.2d 1110, 36 St.Rep. 425; and In Re Marriage of Kramer (1978), 177 Mont. 61, 580 P.2d 439. We agree and hold the custody award was deficient for failure to make proper findings.

In summary we hold the District Court did not find the true net worth of the marital estate and inadequately considered the statutes controlling apportionment, maintenance, child support and child custody awards. This cause is reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices