No. 83-473

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE MARRIAGE OF

ROSALYN H. PETERSON,

Petitioner and Respondent,

and

ROBERT C. PETERSON,

Respondent and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jock B. West, Billings, Montana

For Respondent:

Linda L. Harris, Billings, Montana

Submitted on Briefs:   March 23, 1984

Decided:   June 28, 1984

Filed: JUN 28 1984

Ethel M. Harrison
─────────────────────────────────
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal is from a distribution of property made by the District Court of the Thirteenth Judicial District, in a proceeding to dissolve the marriage of the parties. Appellant Robert C. Peterson objects to several aspects of the property distribution. We affirm the ruling of the District Court with a slight modification.

Robert C. Peterson, hereinafter husband, and Rosalyn H. Peterson, hereinafter wife, were married on November 17, 1978 in Worland, Wyoming. Both parties were employed during the entire course of the marriage. Husband was employed by the United States Postal Service with a net pay of $626.13 every two weeks. At the time of the dissolution proceedings, wife was employed as a secretary with a net pay of $361.43 every two weeks.

No children were born of this marriage. However, wife had two minor sons from prior marriages who lived with the parties during the marriage. Husband did not adopt the children, but all of the financial support for their needs came from the combined income of the parties. Wife collected none of the support payments due for the children, which she testified amounted to approximately $10,000 over the term of the marriage.

The focus of this dispute is on the mobile home in which the parties resided and the ten acres of real property upon which it sits. The real property was purchased by the husband in 1974, at a purchase price of $12,500. A down payment of $2,500 was made and the remaining $10,000 financed through Valley Credit Union. Fifty-five monthly

payments were made by husband until the parties opened a joint checking account. Prior to the marriage, husband improved the property by drilling a well, building a barn, corral and fences, running electricity and water lines to the trailer and installing a septic tank. The total cost of these improvements was $3,810, which was paid by husband. During the marriage, a garage was constructed on the property at a cost of $3,400 to the parties. The mobile home was purchased in April 1977 by husband, at a cost of $15,741. A $2,500 down payment and sixteen monthly payments were made by husband prior to the marriage.

The parties each brought certain livestock to the marriage. Husband brought two geldings to the marriage, which were sold and the proceeds used to buy two brood mares, "Sis" and "Leo's Rapid Cat." Wife brought two horses to the marriage, "Justin" and "Blondie." During the marriage Blondie had two colts, "Whiskey" and "Peaches." Also during the marriage five horses were purchased, "Bonny," "Rita," "Foxy," "Star Jet," "Sis" and "Rio."

To consolidate payments, the parties borrowed $10,000 from the Billings U.S. Employees Credit Union. In September of 1981, $3,859.61 of this was paid to Valley Credit Union to satisfy the mortgage on the real property. Approximately $2,100 was used to purchase a Fiat automobile, and $200 for a camper. The remainder of the $10,000 was used to purchase the above listed horses and to cover other miscellaneous expenses.

The wife filed a petition for dissolution of the marriage in the District Court of the Thirteenth Judicial District on September 21, 1982. The decree of dissolution

and judgment were entered on June 16, 1983. The marital property was distributed between the parties as part of the judgment. Wife received, among other items, the Fiat automobile, and the horses, Sis, Rita and Bonny. Husband was also required to pay wife $12,633.45 for her interest in the mobile home and real property. Husband received the camper, the horses Star Jet, Rio and Foxy and was to assume the obligation for the remaining balance of the $10,000 loan and the remaining balance of the loan for the mobile home. The respective balances of these two are $6,989.20 and $9,379.10. From this distribution appeal is taken.

Three issues are raised by the husband:

(1) Did the District Court err in not finding that the wife made a negative contribution to the marriage?

(2) Did the District Court err by failing to give reasons for selecting the wife's expert's appraisal of the real property?

(3) Did the District Court err in failing to assess to the wife the value of certain real property received by her?

The husband's first contention is that the District Court did not properly consider the nature of the wife's contibution to the marital estate. Specifically he contends that she should not receive any distribution representing the appreciation in value of either the real property or the mobile home, because of what he terms her "negative contribution" to the maintenance of the property. He alleges this "negative contribution" occurred because the wife and her two sons consumed 3/4 of the marital income, yet she only contributed 1/3 of the income. Thus he theorizes that any appreciation of the marital assets

-4-

resulted not because of but in spite of the wife's efforts and she should not receive any benefit therefrom.

In dividing marital property, the District Court is to take into consideration, "[T]he contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit." Section 40-4-202(1), MCA. Obviously this consideration will depend on the extant facts. The determination of the value of such contribution or dissipation is thus a question of fact for the trial court. In such a case we will defer to the discretion of the lower court unless it has exercised an abuse of discretion. Eschenburg v. Eschenburg (1976), 171 Mont. 247, 557 P.2d 1014.

In the present case, the trial court considered both the monetary and non-monetary contributions of the parties. It specifically found,

> "That other than as herein provided, the parties to this action contributed equally to the acquisitions of interests in real and personal property during the course of their marriage. Although Respondent's income exceeded that of the Petitioner during the course of their marriage, Petitioner's contribution [was] equal to that of the Respondent."

There is nothing in the scant record of this case to dispute the above finding. The husband alleges in his appeal brief that, "No authority need be cited to establish that two minor boys will cause wear and tear to the home, in addition to the consumption (of marital income)."

While this may be true as a general rule, trial courts do not consider generalities as dispositive of fact questions in individual cases. Each must be examined on its own merits and disposed of on the prevailing facts. In

-5-

Montana a married person is not bound to support his spouse's children by a former marriage. However, if he receives them into his home and supports them, it is presumed that he does so as a parent and thus they are not liable to him for their support nor he to them for their services. See Section 40-6-217, MCA. The husband presented his arguments to the District Court, though he made nothing more than assertions that the wife and her children did not contribute to the maintenance of the property. The wife admitted that it cost more than she was earning to feed and clothe the children, but testified that her non-monetary contributions to the household made up the difference. The husband's evidence did not rebut the presumption that his support was given as a parent. This being the case, the District Court clearly acted properly in finding that the parties contributed equally to the acquisition of interests in the mobile home and real property during the marriage.

The husband next contends that the District Court erred by not giving reasons for adopting the appraisal of the real property and improvements submitted by the wife. The wife testified that she had the property appraised at $57,000, and listed the factors the appraiser had articulated in arriving at that figure. The husband testified that he had the property appraised at $30,000 without the improvements which cost over $7,000. The husband asserts that this discrepancy is sufficient to mandate the District Court to give express reasons for choosing one appraisal over the other.

The husband's argument is based on certain language contained in In re the Marriage of Peterson (1981), 195

Mont. 157, 636 P.2d 821. Peterson involved the valuation of a marital estate where the District Court adopted one appraisal over another without expressing its reasons. In remanding for specific findings we stated:

> "The District Court is free to follow one appraisal and reject another. However, here there is a wide disparity in valuation, and we are unable to review for abuse of discretion in the absence of findings by the trial court supporting the valuation selected.
>
> ". . . Upon review of the record, we cannot say the District Court properly exercised its discretion in selecting the value it did without some indication of its reasons for doing so." 195 Mont. at 162, 636 P.2d at 823-4.

However the failure to articulate reasons for adopting one appraisal over another does not automatically require a remand of the case to District Court. It was the lack of supporting evidence in the Peterson record which made a remand necessary. As was explained in Frazier v. Frazier (Mont. 1984), 676 P.2d 217, 41 St.Rep. 233, when we review findings of fact where the lower court adopts one appraisal over another, "It is not the lack of specific findings which constitutes reversible error, but the lack of substantial evidence to support the judgment. We look both to the District Court's express reasoning and the evidence in the record to determine whether ample evidence exists." 676 P.2d at 219-20, 41 St. Rep. at 233.

The record in the present case clearly shows why the wife's appraisal was adopted. The husband's appraisal was for the real property only, excluding the improvements. He testified to the cost of the improvements, but the bare cost of the improvements and their value once they are set in place are different. This is especially true where he

-7-

testified that he did almost all the labor himself. The wife's appraisal was clearly more reliable because it considered the property as a whole the way it existed.

Finally, the husband points to several items of personal property which he contends were inequitably distributed by the trial court. With two exceptions, these allegations of error are a thinly veiled attempt to seek a de novo distribution of the marital property by this Court. We have reviewed each and find ample evidence to support the trial court's distribution. "The apportionment made by the District Court will not be disturbed on review unless there has been a clear abuse of discretion as manifested by a substantially inequitable division of the marital assets resulting in substantial injustice." In Re the Marriage of Brown (1978), 179 Mont. 417, 587 P.2d 361. No substantial injustice has been done here.

However, two adjustments must be made by the District Court. First, the parties agree that the proper amount of the wife's equity in the mobile home is $1,365.03, not $2,110.45 as originally calculated by the District Court in its finding of fact number 15. Finding number 15 should be changed accordingly. Second, the District Court improperly valued the parties' life insurance policy. The husband testified that they owned an insurance policy, which was whole life as to himself, but term as to the wife and her two children. He estimated its cash value was approximately $400. The wife, who was unable to testify as to the type of policy, estimated its cash value was approximately $2,500. However the District Court ignored both estimates and found its value to be $0, distributing it to the wife. This

finding is clearly wrong, and must be corrected on remand. If additional evidence is needed, the District Court should require submission of such evidence from the parties. After the proper value is found, any necessary adjustments in the distribution of marital property should be made.

Affirmed in part, modified in part, and remanded for valuation of the life insurance policy.

_____
                                     Justice

We concur:

_____

_____

_____

_____
Justices