No. 86-192

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MARRIAGE OF
MARY ELLEN McCORMACK,

          Petitioner and Appellant,

    and

SAM O. McCORMACK,

          Respondent and Respondent.

_____

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        C. W. Leaphart, Helena, Montana

    For Respondent:

        Charles Graveley, Helena, Montana

_____

Submitted on Briefs:  July 31, 1986

Decided:  October 9, 1986

Filed:  OCT 9 - 1986

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Mary Ellen McCormack appeals a Lewis and Clark County District Court order dividing the property of the parties.

Three issues are raised on appeal:

(1) Whether the District Court erred in rejecting the appraisal of Allen Jones as to the value of the residence at the time of the marriage.

(2) Whether it was error to reject the only expert testimony as to the value of the mining claims.

(3) Whether it was error to evenly divide the appreciated equity in the residence between the parties.

We affirm.

The parties were married on November 24, 1976 and lived together until they separated in September, 1983. Both parties brought some property into the marriage. The wife's net worth at the beginning of the marriage was appraised at $25,275 compared to $8,202.45 for the husband. Before the marriage, the wife purchased ten acres of land and partially completed a house on the property. During the marriage, the parties made improvements to the property worth $20,439.

At trial two appraisals of the house and the ten acres, as of the time of the marriage, were received into evidence. The appraisals were $45,300 and $56,000. The District Court accepted the $45,300 appraisal prepared by Joseph J. Zimmerman, finding that he was a highly qualified appraiser whose evidence was more credible than that of the other appraiser.

The court found that the wife was entitled to the value of the house at the beginning of the marriage but that the parties should split the appreciation in the net value of the

2

house since the appreciation was a product of their joint efforts and contributions. The court accepted Zimmerman's appraisal of $95,500 as the market value of the house in 1985, the time of the divorce. The debt owing on the house was $23,500, leaving a net value or equity of $72,000. Subtracting the 1976 net value of the house of $18,800 from the net value of $72,000 at the time of the divorce leaves a balance of $53,200, which is the increased value of the house during the marriage. The court rejected the wife's claim that the husband was only entitled to half of the total improvements made on the property during the marriage, which amounted to $20,439. The court therefore awarded the house to the wife, but ordered her to pay the husband $26,600 within ten years and assume the $23,500 debt on the house.

A court with jurisdiction to dispose of marital property is guided by § 40-4-202(1), MCA:

> [T]he court . . . shall . . . equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both. In making apportionment, the court shall consider the duration of the marriage and prior marriage of either party; antenuptial agreement of the parties; the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties; custodial provisions; whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit. In dividing property acquired prior to the marriage; property acquired by gift, bequest, devise, or descent; property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or

3

descent; the increased value of property
acquired prior to marriage; . . .

The standard of review was stated in In Re Marriage of
Garst (Mont. 1983), 669 P.2d 1063, 1067, 40 St.Rep. 1526,
1530:

> The District Court has far-reaching
> discretion in making property divisions.
> The reviewing court does not substitute
> its judgment for that of the trial court,
> and will not alter a judgment unless it
> finds an abuse of discretion, i.e., that
> the trial court acted arbitrarily without
> employment of conscientious judgment or
> exceeded the bounds of reason resulting
> in substantial injustice. Kowis, 658
> P.2d at 1087, 40 St.Rep. at 153.

The first issue is whether the District Court erred in
rejecting Allen Jones' appraisal of the parties' residence.
In Dickerson v. Dickerson (1980), 188 Mont. 492, 497, 614
P.2d 521, 524, we said "the trier of the facts has the
discretion to give whatever weight he sees fit to the
testimony of the expert from 0 to 100%." Biegalke v.
Biegalke (1977), 172 Mont. 311, 317, 564 P.2d 987, 990. In
Marriage of Peterson (1981), 195 Mont. 157, 162, 636 P.2d
821, 823, we held that "the District Court is free to follow
one appraisal and reject another." The District Court must
make findings supporting the valuation selected where there
is a wide disparity in the appraisals offered. Peterson, 636
P.2d at 823.

In this case the District Court received into evidence
appraisals from Joseph Zimmerman and Allen Jones and found
Zimmerman's appraisal to be more credible. The court had the
discretion to give full weight to either appraisal.
Moreover, the court found Zimmerman to be a "highly
qualified" appraiser. We conclude that the District Court
did not abuse its discretion.

4

The second issue is whether it was error to reject M.W. Ratcliff's appraisal of the Rimini mining claims. Ratcliff appraised the claims on behalf of the wife at a figure between $18,250 and $20,000. We follow Dickerson, 614 P.2d 521, and hold that the District Court, as the trier of fact, had the discretion to give whatever weight it saw fit to the testimony of the wife's expert. The court found the appraisal of the mining claims to be unreliable because no proof of any commercial value in the claims had been shown. The appraiser did not know who owned the ground, he did not test it, drill it, or look at the production records. He did not know of anyone who would buy the land. Instead he relied on what others had told him about the claims. The District Court acted well within its discretion by adopting the husband's estimate that the claims had a hobby value of $250.

The third issue is whether it was error to evenly divide the appreciated equity in the residence between the parties. In Torma v. Torma (1982), 198 Mont. 161, 168, 645 P.2d 395, 399, we held that "a property division should at least reflect the relative contributions of the parties, as well as entitle each to a proportionate share of the appreciation in property values in the wake of divorce."

The District Court found the parties to be in approximately the same position, each having contributed an equal amount to the marriage. From a finding that the appreciated property value of $53,200 was a product of the parties' joint efforts, the court divided the appreciation equally between them. We agree with the judgment of the District Court.

The wife argues that since she brought the house into the marriage and since title to the house is in her name, she

5

should receive more than 50% of the appreciation in property values.

We have said that property acquired before marriage is still a marital asset subject to division and that there is no definite rule as to how the trial court is to consider the asset. Each case is to be decided on its own facts. In Re Marriage of Keepers (Mont. 1984), 691 P.2d 810, 41 St.Rep. 2163. We find Keepers persuasive when read in conjunction with § 40-4-202(1), MCA, which reads in part:

> [T]he court . . . shall . . . equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired, and whether the title thereto is in the name of the husband or wife or both. (Emphasis added.)

The District Court is vested with wide discretion in these matters and we see no facts to indicate that it abused its discretion.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6