No. 86-398

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

IN RE THE MARRIAGE OF
MURIEL GLEE HUNDTOFT,

        Petitioner and Appellant,

and

PALMER LEROY HUNDTOFT,

        Respondent and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Mary E. Westwood, Billings, Montana

    For Respondent:

        Jock West, Billings, Montana

Submitted on Briefs: Dec. 11, 1986

Decided:    February 3, 1987

Filed: Feb 3, 1987

Ethel M. Harrison

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from a marriage dissolution order entered by the District Court of the Thirteenth Judicial District, in and for Yellowstone County. Wife challenges several aspects of the court's distribution of the marital estate. We affirm.

Muriel and Palmer Hundtoft were married in December 1977. Their marriage lasted a little over seven years until December 1984, when Muriel (Wife) filed a petition for the dissolution of their marriage. Following a bench trial, the District Court formally dissolved the marriage in April 1986.

Wife now challenges the distribution of property entered by the District Court. The principal assets in dispute are items of real property contained within the marital estate. The parties themselves largely apportioned their personal property and do not now contest that division.

Specifically, Wife asserts that the District Court erred in its property distribution by failing to properly consider those statutorily mandated factors listed in § 40-4-202, MCA. We do not agree.

At the outset, we yet again repeat that this Court's function on appeal is extremely limited. Section 40-4-202, MCA, is of necessity a flexible statute which vests a good deal of discretion in the district court. Given the infinite varieties of factual situations presented by parties to dissolution proceedings, trial judges must enjoy the latitude to address each case individually, with an eye to its unique circumstances. Wallace v. Wallace (Mont. 1983), 661 P.2d 455, 458, 40 St.Rep. 430, 434.

Upon appeal, this Court's functions are as limited as a district court's powers are broad. Sitting as a court of

error, we will reverse a lower court's pronouncement only upon a clear abuse of discretion. Under the test we have developed for review of marital estate property distributions, appellant is required to show that the district court acted arbitrarily, without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. In re the Marriage of Perry (Mont. 1985), 704 P.2d 41, 43, 42 St.Rep. 1101, 1104; In re the Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 83, 42 St.Rep. 623, 626; In re the Marriage of Vert (Mont. 1984), 680 P.2d 587, 588, 41 St.Rep. 895, 896. Applying this standard, we cannot say that the District Court abused its discretion.

Appellant first challenges the District Court's failure to render specific findings of those factors listed in § 40-4-202, MCA. While articulation of these factors is encouraged, the absence of specific findings does not automatically warrant remand:

> It is not the lack of specific findings which constitutes reversible error, but the lack of substantial evidence to support the judgment. We look both to the District Court's express reasoning and the evidence in the record to determine whether ample evidence exists.

In re the Marriage of Peterson (Mont. 1984), 683 P.2d 1304, 1307, 41 St.Rep. 1252, 1256 (quoting Frazier v. Frazier (Mont. 1984), 676 P.2d 217, 219-20, 41 St.Rep. 233, 236).

Our reading of both the record and the court's reasoning persuades us that the court's actions were supported by sufficient evidence.

For example, appellant contests the court's award to Palmer (Husband) of "all the equity" in the parties' jointly owned real property acquired during the marriage. Basically,

3

this property in question consists of two residences, a house in Harlowton, and a Billings condominium. The court awarded the house in Harlowton to Husband, provided that he pay Wife $3,000--one-half the value of the house. Wife received half the equity of this house. As to the condominium in Billings, the court found that the Husband had adequately proven that the funds used as a downpayment could be traced directly to liquidation of one of his pre-marital assets. This finding is supported by the record. The court did not abuse its discretion in its distribution of these properties.

Appellant also claims that the court failed to consider fully the Wife's non-monetary contributions to the family unit. While no children were born of the marriage, each party had children from a previous marriage. However, both parties worked, and from the testimony of the parties it is clear that each shouldered this burden. The record simply does not contain sufficient evidence on this point to find abuse of discretion.

We further are not persuaded by appellant's assertion that the court failed to consider her age, health, future employability and lack of income producing assets. The court noted that appellant was regularly employed as a restaurant manager, the same type of job she has held more or less continuously since before this marriage. Further, the court awarded Wife two of her pre-marital, income producing assets, a contract for deed receivable arising from the sale of her previously owned cafe and the net equity in two rental mobile home lots.

In short, appellant has failed to show how the District Court exceeded the bounds of reason or failed to employ conscientious judgment. It matters not how this Court would decide were it the court of first impression. All that is in

4

question is whether the lower court committed clear abuse of discretion.  We find that it did not.

Affirmed.

_John Conway Harrison_
Justice

We concur:

_Fred J. Weber_

_William E. Hunt_

_John C. Sheehy_

_L. C. Gulbrandson_
Justices