No. 87-94

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

IN RE THE MARRIAGE OF
WERNER W. BULTMAN,

        Petitioner and Respondent,
and

TERESA V. BULTMAN,

        Respondent and Appellant.

---

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James J. Masar, Deer Lodge, Montana

    For Respondent:

        Deirdre Caughlan, Butte, Montana

---

Submitted on Briefs:  June 18, 1987

Decided: August 18, 1987

Filed: AUG 18 1987

*Ethel M. Harrison*
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The wife appeals a property distribution order of the Silver Bow County District Court. The issues on appeal are:

(1) whether the District Court erred in dividing the wife's stock inheritance equally between the parties; and

(2) whether the District Court improperly referred to marital misconduct in its findings. We affirm.

The parties married in 1948 and a decree of dissolution of marriage was entered in 1986. The husband was a carpenter and the wife taught school. Both parties are now retired. During the marriage, the husband inherited real property from his family on which the family home and a shop was constructed, and the wife inherited stock from her family. The parties separated at the time the husband was placed in the Galen State Hospital. The husband was not allowed to return to the family home and he is currently residing in Butte, Montana. The wife remained in the family home and controlled the parties' assets until the property division hearing. The husband lived on his social security disability payments while he was away from home. We note that the husband's monthly income was $166 short of his expenses. The court decided that the parties' real property should be sold and the proceeds divided equally with the provision that until the family home was sold, the wife could continue to occupy the home. The court further decided that the parties' liquid assets, including the stock, should likewise be divided equally.

The first issue is whether the District Court erred in dividing the wife's stock inheritance equally between the parties. A district court has far-reaching discretion in resolving property divisions and its judgment will not be

altered unless a clear abuse of discretion is shown. In Re Marriage of Kaasa (1979), 181 Mont. 28, 22, 591 P.2d 1110, 1113. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. In Re Marriage of Obergfell (Mont. 1985), 708 P.2d 561, 563, 42 St.Rep. 1414, 1417-1418.

Section 40-4-202, MCA, states in part:

> [t]he court . . . may . . . equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both. (Emphasis added.)

The statute also states that in the apportionment process the court shall consider the sources of income. Section 40-4-202, MCA, is of necessity a flexible statute which vests a good deal of discretion in the district court. Given the infinite varieties of factual situations presented by parties to dissolution proceedings, trial judges must enjoy the latitude to address each case individually with an eye to its unique circumstances. In Re Marriage of Hundtoft (Mont. 1987), 732 P.2d 401, 402, 44 St.Rep. 204, 205.

The wife argues that the stock gifted to her by her family during the marriage should not be equally divided between the parties since the husband did not add to its value during the marriage. We again emphasize that § 40-4-202, MCA, authorizes the trial court dividing the marital estate to consider the sources of income and all property and assets, however and whenever acquired. The facts here reveal that the assets were commingled and held jointly and that all property, including the stock, was acquired during the marriage. Following the statute, the

3

court noted that the stock (worth $34,400), was inherited from the wife's family and the real property (worth $92,570) was inherited from the husband's family. We believe the court considered each party's contribution to the marital estate and correctly exercised its discretion under § 40-4-202, MCA. We see no reason to disturb the ruling on this issue.

The second issue is whether the District Court improperly referred to marital misconduct in its findings. Section 40-4-202, MCA, prevents a court from considering marital misconduct in property division proceedings. The wife cites as evidence the court's reference to the husband's placement in Galen Hospital by the wife and the fact that the husband was not permitted to return to the family home, nor was he entitled access to the parties' liquid assets until the property division hearing. We do not believe this is improper comment on marital misconduct. To the contrary, these findings help to explain the court's decision to order the sale of the family home and divide the proceeds equally in the interests of both parties.

Affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

4