No. 87-101

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

IN RE THE MARRIAGE OF

HELEN MOUAT,

      Petitioner and Respondent,

   and

DONALD MOUAT,

      Respondent and Appellant.

_____

APPEAL FROM:  District Court of the Sixteenth Judicial District,
In and for the County of Treasure,
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Harris & Seidler; Linda L. Harris, Billings, Montana

    For Respondent:

        Michael M. Morse, Billings, Montana

_____

Submitted on Briefs:  Aug. 20, 1987

Decided:  September 24, 1987

Filed:  SEP 24 1987

*Ethel M. Harrison*

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a dissolution of marriage heard before the Honorable Alfred B. Coate in the Sixteenth Judicial District. The District Court directed the division of the marital estate by issuing findings of fact, conclusions of law, and an order dated November 25, 1986. Appellant, Donald Mouat, appeals the property division of the martial estate. The sole issue presented for review is whether the District Court committed error by failing to make specific findings of fact and conclusions of law considering the elements of § 40-4-202, MCA, resulting in an abuse of discretion in distributing the marital estate. We affirm the decision of the District Court but remand for the correction of a minor error.

Donald and Helen Mouat were married in 1949 and had four children. All of the children have reached the age of majority.

At the time of dissolution, the marital estate included the following real property: (1) the Mouat farm, including a house; (2) an 80 acre pasture; (3) a country home; and (4) a home in Hysham, Montana. The farm was purchased from Donald Mouat's parents in 1962. The farm was leased to another individual beginning in the mid 1970s. The house located in Hysham was purchased in approximately 1974 from Donald's brother. Other major assets in the marital estate included livestock and a significant amount of machinery and equipment.

Helen Mouat has worked as a secretary for the Hysham Public School since 1973. Prior to that date, Helen devoted her efforts to raising the Mouat children, acting as housewife, and assisting with the farm operation. Donald

2

spent the majority of his efforts maintaining and operating the family farm until the time it was leased. He has also worked in maintaining a dragline business. The record and the District Court's findings of fact indicate both Helen and Donald made substantial contributions to the marital estate.

Following a hearing, the District Court issued findings of fact and conclusions of law dividing the marital estate. The major assets and liabilities were identified and valued. According to that valuation, the District Court distributed the marital estate so that Helen and Donald each effectively received approximately fifty percent of the total value of the estate. Specifically, finding of fact number 43 found that the marital estate should be divided in the following manner:

| Respondent (Donald Mouat) | | Petitioner (Helen Mouat) | |
|---|---|---|---|
| Farm land | $67,981.00 | Country home | $31,200.00 |
| 80 acres grazing land | 800.00 | Town home | 28,500.00 |
| farm home | 37,500.00 | 1964 Ford pickup | 300.00 |
| balance of machinery | 14,300.00 | Shasta trailer | 500.00 |
| 1 herd bull | 500.00 | Sears riding mower | 300.00 |
| 15 heifers with 8 calves | 5,410.00 | 32 cows with calves | 18,400.00 |
| | $126,491.00 | 3 dry cows | 1,050.00 |
| | | PERS Account | 3,187.00 |
| | | Petitioner's bank account | 300.00 |
| | | | $83,737.00 |
| Less debt | -23,902.79 | | |
| | $102,588.21 | Plus cash | 10,043.11 |
| | | | $93,780.11 |
| Less cash | -10,043.11 | | |
| | $92,545.10 | | |
| Respondent's bank account | 1,235.00 | | |
| | $93,780.10 | | |

As indicated, Donald was ordered to pay $10,043.11 so as to create a division which would give each party roughly fifty percent of the value of the total estate. Donald appeals

3

from this property division alleging the District Court failed to consider certain requirements of § 40-4-202, MCA, and therefore abused its discretion.

The standard of review which must be implemented regarding an issue of this nature has been stated many times:

> In dividing property in a marriage dissolution the district court has far reaching discretion and its judgment will not be altered without a showing of clear abuse of discretion. The test of abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. In re Marriage of Vert (Mont. 1984), 680 P.2d 587, 41 St.Rep. 895.

In re the Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 83, 42 St.Rep. 623, 626. See also, In re the Marriage of Manus (Mont. 1987), 733 P.2d 1275, 1278, 44 St.Rep. 398, 403; In re the Marriage of Tonne (Mont. 1987), 733 P.2d 1280, 1282, 44 St.Rep. 411, 412-413; and In re the Marriage of Hundtoft (Mont. 1987), 732 P.2d 401, 402, 44 St.Rep. 204, 205.

Section 40-4-202(1), MCA, states, in pertinent part, that:

> [T]he court shall consider the duration of the marriage and prior marriage of either party; antenuptial agreement of the parties; the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties; custodial provisions; whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. (Emphasis added.)

Specifically, Donald Mouat asserts the District Court failed to consider nine items: (1) duration of the marriage; (2)

4

health of the parties; (3) the occupation of Helen; (4) amount and sources of income; (5) actual skills of Donald; (6) employability of the parties; (7) opportunity for future acquisition of real property and assets; (8) source of marital property; and (9) needs of the parties.

We have considered similar claims on many past occasions. In distributing the marital estate, the district court must consider those factors explicitly set out in § 40-4-202, MCA. In re the Marriage of Tomaskie (Mont. 1981), 625 P.2d 536, 538, 38 St.Rep. 416, 418. Further, we have stated:

> This Court recognizes that the trial court must evidence the basis of its ultimate conclusion in the findings of fact. However, the statutory guidelines promulgated in 40-4-202, MCA, were not designed as requisite criteria to be individually itemized in every property distribution decree.

In re the Marriage of Ziegler (Mont. 1985), 696 P.2d 983, 987, 42 St.Rep. 298, 302.

In the case of In re the Marriage of Hundtoft (Mont. 1987), 732 P.2d 401, 402, 44 St.Rep. 204, 205, 206, we stated:

> While articulation of these factors is encouraged, the absence of specific findings does not automatically warrant remand:
>
> "It is not the lack of specific findings which constitutes reversible error, but the lack of substantial evidence to support the judgment. We look both to the District Court's express reasoning and the evidence in the record to determine whether ample evidence exists.
>
> In re the Marriage of Peterson (Mont. 1984), 683 P.2d 1304, 1307, 41 St.Rep. 1252, 1256 (quoting Frazier v. Frazier

5

(Mont. 1984), 676 P.2d 217, 219-20, 41
St.Rep. 233, 236).

The above cited cases dictate that while the district court must conscientiously consider all the elements of § 40-4-202(1), MCA, it need not itemize and explain each separate element. With these rules in mind, we examine Donald's contentions:

1. Duration of the marriage. This contention is without merit. The District Court made a specific finding regarding the date Donald and Helen were married. Donald also indicates here that Helen's contribution to the marital estate during portions of their 37 years of marriage was less than substantial. However, there is substantial credible evidence demonstrating that both Helen and Donald contributed substantially to the marital estate.

2. Health of the parties. Here it is contended that there was no consideration of the health of either of the parties. This contention borders on frivolous. The findings of fact specifically address the health of both parties. These findings are made from evidence presented within the record.

3. Occupation of Helen. Donald contends the District Court placed little emphasis on Helen's occupation and her future income. This contention is without merit since the findings made specific reference to Helen's occupation and that both parties are severely limited in their employability outside their present occupations.

4. Amount and sources of income. Donald states his future income will be severely limited by the division. However, the record indicates the District Court considered other potential sources of income including the farm lease, cattle sales, dragline work, and future social security benefits.

6

5. Actual skills of Donald. Donald contends the District Court failed to consider that Helen has established an occupational skill, while he has few skills outside farming. No abuse of discretion exists regarding this contention since the District Court specifically eluded to the employability and present occupations of both Helen and Donald.

6. Employability of the parties. This contention tends to overlap with the previous three contentions. As stated above, there is no indication that the District Court failed to consider the employability, occupation or skills of either party.

7. Opportunity for future acquisitions of real property and assets. There is no evidence that either Helen or Donald will realize any particular advantage from the division regarding future acquisitions of real property and assets. Donald fails to demonstrate that this was not considered by the District Court or that an abuse of discretion was committed.

8. The source of the marital property. Donald states the source of the marital property was not properly considered after approximately 37 years of marriage. Donald contends the District Court failed to consider that the family farm and the Hysham home were both purchased from members of his family at a price which was below fair market value. However, finding of fact number 17 specifically notes that the farm and house were purchased and that both parties were to share equally in any benefits realized due to terms and conditions which might have been favorable. We find no evidence that the District Court failed to consider the source of the marital property.

9. Needs of the parties. No elaboration or explanation is offered as to the allegation that the District

7

Court failed to consider the needs of the parties. This contention tends to overlap with several previous contentions. Since no abuse of discretion is demonstrated, we will not consider this contention further.

Finally, Donald contends that the District Court improperly accepted Helen's offered appraisals, while denying his proposed appraisals. Donald's contention centers on the value of the real property contained in the marital estate. Donald contends the correct total valuation of the real property is $153,250. Helen's proposed appraisal set the value at $165,181 and was accepted by the District Court. At a hearing prior to the dissolution proceeding, the District Court suggested that both parties submit their appraisal reports by stipulation. The court indicated this would be more economical and suggested that each party could submit their objections based on each written appraisal. The District Court's findings of fact state the parties did stipulate that the appraisals could be introduced into evidence without the necessity of calling each appraiser to testify. Donald contends he relied on the trial judge's suggestion and submitted a written appraisal without supporting testimony from the appraiser. In contrast, Helen submitted a written appraisal with supporting testimony from the appraiser despite the stipulation that the testimony was not required. The trial judge preferred the appraisal presented by Helen and stated in the findings of fact that,

> [H]aving heard ample testimony concerning the qualifications, methods, and conclusions of [Helen's appraiser], and having heard no such testimony as concerns Respondent's appraisal, it is deemed appropriate to adopt the real property values set forth in [Helen's appraisal].

8

Donald argues that the court was inconsistent when it suggested that the written appraisals be simply admitted by stipulation and without supporting testimony, but then preferred Helen's appraisal because it was supported with the appraiser's testimony.

Although the course of events may have confused Donald's counsel, both parties had the right to submit supporting testimony at the time of trial. Only Helen chose to do so and the trial court preferred her suggested appraisal because of that supporting testimony. There is substantial credible evidence supporting the valuations listed in the property distribution. Helen's appraiser, Jack Chapman, testified as to the appraisal at the trial and was subject to cross examination. Mr. Chapman was a qualified appraiser and his testimony was supported by his extensive written appraisal which was introduced at trial. We find no evidence that the trial court acted arbitrarily without employment of conscientious judgment.

An additional reason why we choose to affirm the District Court's finding is that the appraisals do not represent widely conflicting valuations. In In re the Marriage of Vance (1983), 204 Mont. 267, 664 P.2d 907, a house and forty acres of land was appraised at $160,000 by one litigant's expert and $140,000 by the other litigant's expert. The district court accepted the $160,000 appraisal without stating any specific reasons. This Court affirmed that decision because the valuations were not widely conflicting. Vance, 664 P.2d at 911. The same rationale should apply under these facts.

Donald also contends that his suggested appraisal should be preferred since it was completed only four months prior to trial, while Helen's suggested appraisal was completed seven months prior to trial. While the timeliness

9

of an appraisal is important, an appraisal will not be preferred solely because it was completed closest in time to the hearing. There is no evidence indicating that the trial court failed to consider the timing of each appraisal.

We do find what appears to be a typographical or inadvertent error. The District Court accepted Helen's proposed appraisal, but valued the Mouat farm land at $67,981 and valued the total of the real property at $165,981. Helen's appraisal valued the Mouat farm land at $67,181 and valued the total of the real property at $165,181. Therefore, it appears that the implemented valuation is $800 greater than that proposed by Helen. This inconsistency must be corrected and we remand for this purpose only. For the foregoing reasons, the remainder of the District Court decision is affirmed.

Justice

We concur:

Chief Justice

Justices