No. 97-729

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 171N

IN RE THE MARRIAGE OF

MARCUS A. CARPENTER,

Petitioner/Appellant,

v.

JOANN CARPENTER,

Respondent/Respondent.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Katherine R. Curtis, Judge presiding.


COUNSEL OF RECORD:


For Appellant:


Randall A. Snyder, Snyder Law Office, Bigfork, Montana


For Respondent:


P. J. Sorenson, Kaufman, Vidal & Hileman, Kalispell, Montana

Submitted on Briefs: March 26, 1998

Decided: July 28, 1998

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶ **Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases by this Court.**

¶ **The marriage of Joann Carpenter (Joann) and Marcus A. Carpenter (Art) was dissolved pursuant to the Findings of Fact, Conclusions of Law, and Decree of Dissolution entered on October 7, 1997, by the Eleventh Judicial District Court, Flathead County. Art appeals the court's decision regarding valuation and distribution of the marital estate. We remand for further proceedings.**

¶ **The sole issue on appeal is whether the court erred in distributing an equalizing**

sum of $30,000 to Joann. In matters relating to distribution of marital property, we review a district court's findings of fact to determine whether the findings are clearly erroneous. Rule 52(a), M.R.Civ.P.; In re Marriage of Pfeifer (1997), 282 Mont. 461, 467, 473, 938 P.2d 684, 688, 692. A finding is clearly erroneous only if it is not supported by substantial evidence, the trial court misapprehended the effect of the evidence, or our review of the record convinces us that a mistake has been committed. In re Marriage of Stufft (1996), 276 Mont. 454, 459, 916 P.2d 767, 770. We have defined substantial evidence as "evidence that a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Barrett v. Asarco Inc. (1990), 245 Mont. 196, 200, 799 P.2d 1078, 1080. In determining whether a finding of fact is clearly erroneous, "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Rule 52(a), M.R.Civ.P.

¶ If the findings underlying a district court's division of property are not clearly erroneous, then the court's distribution is discretionary and is reviewed for an abuse of discretion. Stufft, 916 P.2d at 770. In evaluating abuse of discretion, we look to whether "the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." In re Marriage of Wessel (1986), 220 Mont. 326, 333, 715 P.2d 45, 50 (citations omitted).

¶ In distributing the parties' assets, the court made the following findings: (1) the only items of property remaining in dispute at the time of trial were a home in Lakeside, Montana, valued at $129,000; a home in Fallon, Nevada, valued at $100,000; a 1992 Lincoln Towncar valued at $11,637; a 1994 Chevrolet pickup valued at $18,075; and two investment accounts totaling $154,674; (2) the investment accounts are Art's premarital assets and are awarded to him solely; (3) a fair and equitable division of the remaining balance of the marital estate consists of 55% to Joann and 45% to Art; (4) Art is awarded the house in Lakeside and the Chevrolet pickup for a total value of $147,075, and Joann is awarded the house in Nevada and the Lincoln Towncar for a total of $111,637; (5) Joann is awarded an equalizing sum of $30,000; and (6) Art is responsible for the parties' debts.

¶ Art reads the above findings to mean that once the court awarded him the two investment accounts, the accounts were removed from the marital estate. Art argues that requiring him to pay $30,000 of his investment accounts to Joann is inconsistent with the court's determination that the accounts were his premarital assets and

**should be awarded solely to him. Thus, Art argues, the court erred in awarding Joann $30,000 in excess of the marital estate.** *See* **In re Marriage of Peterson (1989), 238 Mont. 470, 476, 778 P.2d 402, 405.**

¶ **Section 40-4-202(1), MCA, provides in relevant part:**

> **Division of property**. (1) In a proceeding for dissolution of a marriage . . . the court, without regard to marital misconduct, shall . . . finally equitably apportion between the parties the property and assets belonging to either or both, *however and whenever acquired and whether the title thereto is in the name of the husband or wife or both*. In making apportionment, the court shall consider . . . the contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit. *In dividing property acquired prior to the marriage; property acquired by gift, bequest, devise, or descent; property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent; the increased value of property acquired prior to marriage; and property acquired by a spouse after a decree of legal separation, the court shall consider those contributions of the other spouse to the marriage*, including:
>
> (a) the nonmonetary contribution of a homemaker;
>
> > (b) the extent to which such contributions have facilitated the maintenance of this property; and
> >
> > (c) whether or not the property division serves as an alternative to maintenance arrangements. (Emphasis added.)

We have interpreted the above provision to mean that assets belonging to a spouse prior to a marriage or acquired by gift during the marriage are not part of the marital estate unless the other spouse made contributions to the maintenance or preservation of the property. In re Marriage of Nordberg (1994), 265 Mont. 352, 361, 877 P.2d 987, 992. If the nonacquiring spouse has in some way contributed to the maintenance or preservation of the other spouse's preacquired or gifted property, the nonacquiring spouse is entitled to an

equitable share of such property which is attributable to his or her efforts. *See* In re Marriage of Smith (1995), 270 Mont. 263, 270, 891 P.2d 522, 525; Bradshaw v. Bradshaw (1995), 270 Mont. 222, 229-30, 891 P.2d 506, 511.

¶ **The court's Findings of Fact, Conclusions of Law, and Decree of Dissolution is void of any findings concerning either: (1) whether Joann contributed to the maintenance and preservation of Art's investment accounts, and if so, (2) what proportion of the investment accounts is attributable to Joann's efforts. Although the court was not required to make itemized findings for every factor listed in § 40-4-202, MCA, In Re Marriage of Mouat (1987), 228 Mont. 430, 433, 743 P.2d 602, 604, it was required to at least make findings "sufficiently comprehensive and pertinent to the issues to provide a basis for decision." In Re Marriage of Gerhart (1990), 245 Mont. 279, 282, 800 P.2d 698, 700-01 (citation omitted).**

¶ **We conclude that the District Court abused its discretion in distributing the marital property without making specific findings concerning whether Joann contributed to the maintenance and preservation of Art's investment accounts, and if so, what share of the accounts can be attributed to her efforts. Accordingly, the judgment is vacated and this case is remanded to the District Court for further proceedings consistent with this opinion.**

¶ **Remanded for further proceedings.**

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

No

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER